**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                            (State)

Case number (*if known*): _____ Chapter _____

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**
   _____

2. **All other names debtor used
   in the last 8 years**

   Include any assumed names,
   trade names, and *doing business
   as* names
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer
   Identification Number** (EIN)
   __ __  –  __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ | _____ |
   | Number    Street | Number    Street |
   | | _____ |
   | _____ | P.O. Box |
   | City         State    ZIP Code | _____ |
   | | City         State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | _____ | |
   | County | _____ |
   | | Number    Street |
   | | _____ |
   | | City         State    ZIP Code |

5. **Debtor's website** (URL)
   _____

Debtor _____     Case number *(if known)*_____
        Name

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3391</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor _____    Case number *(if known)*_____
               Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☐ No

   ☐ Yes.  District _____  When _____  Case number _____
                                                              MM / DD / YYYY

                 District _____  When _____  Case number _____
                                                              MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☐ Yes.  Debtor _____  Relationship _____

                  District _____  When _____
                                                                     MM / DD / YYYY

                  Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☐ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                                    Number          Street

                                                    _____

                                                    _____    _____
                                                    City                                                    State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

               Contact name _____

               Phone _____

---

■ **Statistical and administrative information**

---

Debtor _____     Case number *(if known)*_____
       *Name*

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❑ Funds will be available for distribution to unsecured creditors.<br>❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ❑ 1-49 | ❑ 1,000-5,000 | ❑ 25,001-50,000 |
| ❑ 50-99 | ❑ 5,001-10,000 | ❑ 50,001-100,000 |
| ❑ 100-199 | ❑ 10,001-25,000 | ❑ More than 100,000 |
| ❑ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ❑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ❑ $100,000,001-$500 million | ❑ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ❑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ❑ $100,000,001-$500 million | ❑ More than $50 billion |

---

### ▮ Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on _____
           MM  / DD / YYYY

✘ _____     _____
    Signature of authorized representative of debtor         Printed name

    Title _____

Debtor _____     Case number (if known)_____
             Name

**18. Signature of attorney**         ✗ _____     Date     _____
                                         Signature of attorney for debtor                 MM  / DD  / YYYY

                                         _____
                                         Printed name
                                         _____
                                         Firm name
                                         _____
                                         Number        Street
                                         _____     _____ _____
                                         City                              State    ZIP Code

                                         _____     _____
                                         Contact phone                         Email address

                                         _____     _____
                                         Bar number                            State

# Exhibit A

**Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Surgalign Holdings, Inc.

1. Andi's Belmarall, LLC
2. Fourth Dimension Spine, LLC
3. Holo Surgical Inc.
4. HoloSurgical Technology Inc.
5. Pioneer Surgical Technology NewCo Inc.
6. Spinal Transition and Professional Services LLC
7. Surgalign Holdings, Inc.
8. Surgalign Spine Technologies, Inc.

**Fill in this information to identify the case:**

Debtor name: Surgalign Holdings, Inc., *et al* .

United States Bankruptcy Court for the:  Southern District of Texas

Case number (if known):  <u>TBD</u>

☐ Check if this is an amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Dearborn Capital Management LLC Attn: Krzysztof Siemionow 296 Woodward Blvd. Tulsa, OK 74114 | Dearborn Capital Management LLC Attn: Krzysztof Siemionow E-mail: siemiok@gmail.com | Note Payable | D | | | $5,306,000.00 |
| 2 | Neva, LLC Attn: Pawel Lewicki 296 Woodward Blvd. Tulsa, OK 74114 | Neva, LLC Attn: Pawel Lewicki E-mail: ppl@myfastmail.com | Note Payable | D | | | $5,306,000.00 |
| 3 | Aziyo Biologoics Inc Attn: Jon Stipanovich, Director of National Accounts 12510 Prosperity Drive, Suite 370 Silver Spring, MD 20904 | Aziyo Biologoics Inc Attn: Jon Stipanovich, Director of National Accounts Phone: 240-247-1170 Fax: 510-307-9896 E-mail: jstipanovich@aziyo.com | Trade | | | | $500,468.00 |
| 4 | Resolve Surgical Technologies Attn: Bradford Aquino, Chief Financial Officer Pioneer Surgical Technology Inc dba Resolve Surgical Technologies 375 River Park Circle Marquette, MI 49855 | Resolve Surgical Technologies Attn: Bradford Aquino, Chief Financial Officer Phone: 906-226-9909 Fax: 906-225-5868 E-mail: baquino@resolvesurg.com | Trade | | | | $389,242.63 |
| 5 | Medical Strategic Management Attn: President or General Counsel 21 Panteli Katelari Street Nicosia, 1097 Cypus | Medical Strategic Management Attn: President or General Counsel | Trade | | | | $274,704.88 |
| 6 | RTI Surgical, Inc. Attn: Lana Wilson, Senior Counsel 11621 Research Circle Alachua, FL 32615 | RTI Surgical, Inc. Attn: Lana Wilson, Senior Counsel E-mail: lwilson@rtix.com | Trade | | | | $262,120.77 |
| 7 | Engineered Medical Systems (EMS) Attn: Matt Lewis, President 3325 Appling Road Bartlett, TN 38133 | Engineered Medical Systems (EMS) Attn: Matt Lewis, President Phone: 713-693-1144; 901-380-5552 Fax: 901-380-5553 | Trade | | | | $234,806.00 |
| 8 | SAP America, Inc. Attn: Lloyd Adams, President 3999 West Chester Pike Newtown Square, PA 19073 | SAP America, Inc. Attn: Lloyd Adams, President Phone: 866-857-2621 | Software | | | | $232,647.22 |
| 9 | Arch (JPMC) Philadelphia Attn: Eli Crotzer, CEO 3063-B Philmont Ave Huntingdon Valley, PA 19006 | Arch (JPMC) Philadelphia Attn: Eli Crotzer, CEO Phone: 901-921-3281 E-mail: ecrotzer@archglobalprecision.com | Trade | | | | $226,794.00 |
| 10 | Arcamed LLC Attn: Jon Desalvo, CEO 5101 Decatur Blvd. Ste. A Indianapolis, IN 46241 | Arcamed LLC Attn: Jon Desalvo, CEO Phone: 877-545-6622 E-mail: sales@arcamed.com | Trade | | | | $183,468.48 |

Debtor: Surgalign Holdings, Inc., *et al* .

Case number (if known) ___TBD_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Culver Tool Attn: David Winrotte, President 2121 Walter Glaub Dr. Plymouth, IN 46563 | Culver Tool Attn: David Winrotte, President Phone: 574-935-9611 E-mail: david.winrotte@culvertool.com | Trade | | | | $138,249.50 |
| 12 | Arch-Memphis Attn: Colby Kenyon, President 7580 Bartlett Corporate Drive Memphis, TN 38133 | Arch-Memphis Attn: Colby Kenyon, President Phone: 901-672-6333 Fax: 901-672-6334 | Trade | | | | $126,051.00 |
| 13 | Abel Solutions, LLC Attn: David Hammond, President 3820 Mansell Rd Ste 260 Alpharetta, GA 30022 | Abel Solutions, LLC Attn: David Hammond, President Phone: 678-393-1704 | Trade | | | | $114,916.39 |
| 14 | Polsinelli PC Attn: Gregory M. Kratofil, Jr. &  Mary Jane Judy, Managing Partners 900 W. 48th Place. Suite #900 Kansas City, MO 64112 | Polsinelli PC Attn: Gregory M. Kratofil, Jr. &  Mary Jane Judy, Managing Partners Phone: 816-753-1000 Fax: 816-753-1536 E-mail: gkratofil@polsinelli.com; mjudy@polsinelli.com | Professional Services | | | | $105,021.00 |
| 15 | Bass, Berry & Sims PLC Attn: Todd J. Rolapp, Managing Partner 150 3rd Ave S, Ste 2800 Nashville, TN 37201-2017 | Bass, Berry & Sims PLC Attn: Todd J. Rolapp, Managing Partner Phone: 615-742-6200 Fax: 615-742-6293 E-mail: trolapp@bassberry.com | Professional Services | | | | $67,010.17 |
| 16 | Spartronics Watertown LLC Attn: Jeffrey Schlarbaum, CEO 2920 Kelly Ave Watertown, SD 57201 | Spartronics Watertown LLC Attn: Jeffrey Schlarbaum, CEO Phone: 605-886-2519 Fax: 605-886-5123 E-mail: info@spartronics.com | Trade | | | | $61,532.61 |
| 17 | Fitch, Even, Tabin & Flannery LLP Attn: Timothy P. Maloney 120 South LaSalle Street, Suite 2100 Chicago, Illinois 60603 | Fitch, Even, Tabin & Flannery LLP Attn: Timothy P. Maloney Phone: 312-577-7000 Fax: 312-577-7007 E-mail: tim@fitcheven.com | Professional Services | | | | $55,368.63 |
| 18 | Serbia Stewart Consulting Group Attn: Jason Stewart 8861 Villa La Jolla Drive #13272 La Jolla, CA 92037 | Serbia Stewart Consulting Group Attn: Jason Stewart Phone: 619-778-3349 E-mail: info@ssconsultinggroup.com | Professional Services | | | | $44,000.00 |
| 19 | TOMZ Attn: Tom Matulaniec, CEO 47 Episcopal Rd Berlin, CT 06037 | TOMZ Attn: Tom Matulaniec, CEO Phone: 619-894-6162; 860-829-0670 Fax: 860-828-7403 | Trade | | | | $43,855.00 |
| 20 | Trilogy Surgical Inc Attn: Sean Monahan, President 5138 Sw 103Rd Way Gainesville, FL 32608 | Trilogy Surgical Inc Attn: Sean Monahan, President Phone: 352-331-9398 | Trade | | | | $42,986.00 |
| 21 | Marvel Consultants, Inc. Attn: John Sowers, President 28601 Chagrin Blvd. Suite 515 Cleveland, OH 44122 | Marvel Consultants, Inc. Attn: John Sowers, President Phone: 216-455-1437; 216-292-2855 Fax: 216-292-7207 E-mail: jsowers@marvelconsultants.com | Professional Services | | | | $35,000.00 |
| 22 | Cooley LLP Attn: Patrick Gunn, Managing Partner 101 California 5th floor San Francisco, CA 94111 | Cooley LLP Attn: Patrick Gunn, Managing Partner Phone: 415-693-2000 Fax: 415-693-2222 E-mail: pgunn@cooley.com | Professional Services | | | | $34,472.55 |
| 23 | Name and Address on File | Name and Address on File | Severance | | | | $31,666.70 |
| 24 | Allosource Attn: Dean Elliott, President and CEO 6278 S Troy Cir Centennial, CO 80111 | Allosource Attn: Dean Elliott, President and CEO Phone: 720-873-0213 Fax: 720-873-0212 | Trade | | | | $30,813.30 |

Debtor: Surgalign Holdings, Inc., *et al* .                                                                    Case number (if known) ___TBD_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | TGR Partners Attn: Matt Lewry 228 S Cedros Ave, Ste D Solana Beach, CA 92075-1950 | TGR Partners Attn: Matt Lewry Phone: 404-345-2605; 858-356-2391 E-mail: mlewry@tgrpartners.com | Professional Services | | | | $30,448.00 |
| 26 | Global Experience Specialists Inc Attn: Kris Truscott - Vice President/General Manager 7000 Lindell Rd Las Vegas, NV 89118 | Global Experience Specialists Inc Attn: Kris Truscott - Vice President/General Manager Phone: 702-515-5500 E-mail: ktruscott@ges.com | Professional Services | | | | $26,059.82 |
| 27 | Lifenet Health Attn: President or General Counsel 1864 Concert Drive Virginia Beach, VA 23453 | Lifenet Health Attn: President or General Counsel Phone: 800-847-7831 | Litigation | CUD | | | Unliquidated |
| 28 | National Union Fire Insurance Company of Pittsburg, PA Attn: President or General Counsel 1271 Ave of the Americas FL 37 New York, NY 10020-1304 | National Union Fire Insurance Company of Pittsburg, PA Attn: President or General Counsel Phone: 212-770-7000 | Litigation | CUD | | | Unliquidated |
| 29 | Pacific Building Group Attn: Kevin R. Carlin, Esq. c/o Carlin Law Group, APC 4452 Park Blvd Suite 310 San Diego, CA 92116 | Pacific Building Group Attn: Kevin R. Carlin, Esq. Phone: 619-615-5325 Fax: 619-615-5326 E-mail: kcarlin@carlinlawgroup.com | Litigation | CUD | | | Unliquidated |
| 30 | SNH Medical Office Properties Trust Attn: Bobbie Purcell, Senior Property Manager c/o The RMR Group LLC 8631 West Third Street, Suite 301E Los Angeles, CA 90048 | SNH Medical Office Properties Trust Attn: Bobbie Purcell, Senior Property Manager | Litigation | CUD | | | Unliquidated |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) Case No. 23-_____ (____) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP
## STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
## PURSUANT TO FED. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as Exhibit A is an organizational list reflecting all of the ownership interests in the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1.     The equity of each of the Debtors identified on **Exhibit A** is 100% owned by the entity identified as the equity holder thereof on **Exhibit A.**

2.     Surgalign Holdings, Inc. is the ultimate parent of each of the Debtors and its equity securities are publicly held.  The following chart identifies all of the holders that the Debtors understand hold 5% or more of Surgalign Holdings, Inc. stock.[2]

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc. (N/A); Spinal Transition and Professional Services LLC (N/A); Andi's Belmarall, LLC (N/A); Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952).  The location of the debtors' service address in these chapter 11 cases is:  520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2]   This list reflects holders of five percent or more of Surgalign Holdings, Inc.'s common stock and serves as the disclosure required to be made by the Debtors pursuant to Bankruptcy Rule 1007.  Surgalign Holdings, Inc. does not and cannot know the precise holdings or identity of the holders of its publicly held common stock.  Thus, by separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007 to file a list of all its equity security holders.

| EQUITY HOLDER | KIND/CLASS OF INTEREST | PERCENTAGE OWNED |
|---|---|---|
| Armistice Capital LLC | Common Stock | 9.9% |
| Pawel Lewicki | Common Stock | 5.1% |

**EXHIBIT A**

| Debtor | Equity Holder(s) | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Suralign Spine Technologies, Inc. | Surgalign Holdings, Inc. | 100% | 520 Lake Cook Road, Suite 315 Deerfield, IL 60015 |
| Spinal Transition and Professional Services LLC | Surgalign Holdings, Inc. | 100% | 520 Lake Cook Road, Suite 315 Deerfield, IL 60015 |
| Pioneer Surgical Technology NewCo Inc. | Surgalign Spine Technologies, Inc. | 100% | 520 Lake Cook Road, Suite 315 Deerfield, IL 60015 |
| Andi's Belmarall, LLC | Spinal Transition and Professional Services LLC | 100% | 7 Switchbud Place Suite 192-180 The Woodlands, TX 77380 |
| Fourth Dimension Spine, LLC | Spinal Transition and Professional Services LLC | 100% | 7 Switchbud Place Suite 192-180 The Woodlands, TX 77380 |
| HoloSurgical Inc. | Surgalign Holdings, Inc. | 100% | 520 Lake Cook Road, Suite 315 Deerfield, IL 60015 |
| HoloSurgical Technology Inc. | HoloSurgical Inc. | 100% | 520 Lake Cook Road, Suite 315 Deerfield, IL 60015 |

**OMNIBUS RESOLUTIONS OF THE BOARDS
OF DIRECTORS, BOARDS OF MANAGERS, AND SOLE MEMBER**

**June 16, 2023**

After due deliberation, the members of the board of directors, the board of managers, and sole member (each, a "Governing Body"), as applicable, of Surgalign Holdings, Inc. ("Surgalign") and each entity set forth on Annex A attached hereto (each, a "Company" and, collectively, the "Companies"), do hereby consent to, adopt, and approve the following resolutions pursuant to the certification of incorporation or similar document (in each case, as amended or amended and restated to date) of each Company, as applicable, and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

**Chapter 11 Filing**

**WHEREAS**, each Governing Body has reviewed and considered (a) the presentations by each Company's management and financial and legal advisors regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses, (b) the information and advice previously provided to and reviewed by each Governing Body, and (c) the related matters reported on at meetings of each Governing Body;

**WHEREAS**, each Governing Body has had the opportunity to consult with each of the Companies' management and financial and legal advisors and fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, based on their review of all available alternatives and advice provided by such financial and legal advisors, each Governing Body deems it advisable and in the best interest of each of the Companies, their creditors, employees and other stakeholders to take the actions specified in the following resolutions.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Companies, their stockholders, their creditors, and other parties in interest to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that they deem necessary or appropriate.

**RESOLVED**, that the Chief Executive Officer, President, General Counsel, Chief Financial Officer, Chief Accounting Officer, Treasurer, Secretary, and independent directors of the Board of Directors (each, an "Authorized Signatory" and collectively, the "Authorized Signatories") of each Company, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed, together with the Companies' advisors, to execute and file on behalf of each Company all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses and in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to cause the Companies to employ the law firm of White & Case LLP ("W&C") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to cause the Companies employ the law firm of Jackson Walker, L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to cause the Companies employ the firms of Alvarez & Marsal North America, LLC and Alvarez & Marsal Securities, LLC ("A&M"), as investment banker and restructuring and financial advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of A&M in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to cause the Companies employ the firm of Kroll Restructuring Administration LLC ("Kroll"), as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Kroll in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to cause the Companies employ any other professionals, including legal counsel, accountants, financial advisors, investment bankers, and other professionals, to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**Stalking Horse APA**

**RESOLVED**, that it is in the best interest of Surgalign to enter into the proposed Asset Purchase Agreement (together with all exhibits, schedules and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by and between Xtant Medical Holdings, Inc., as the stalking horse

bidder (the "Stalking Horse Bidder") and Surgalign Holdings, Inc. as seller, on terms and conditions substantially similar to those set forth in the form of Stalking Horse APA;

RESOLVED, that the form, terms, and provisions of the Stalking Horse APA, and any other agreement, instrument, document, or certificate required to effect the purposes of the Stalking Horse APA, is authorized and approved, with such changes, additions, or deletions as any Authorized Signatories executing the same may in his or her discretion deem necessary or appropriate;

RESOLVED, that the Authorized Signatories be, and hereby are, authorized, empowered, and directed to enter into, execute, and deliver the Stalking Horse APA on behalf of Surgalign, subject to Surgalign receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is further

RESOLVED, that the Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file on behalf of Surgalign all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of certain or all of the assets of Surgalign pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Section 363 Sale"), and to take any and all action that they deem necessary or advisable to effect the Section 363 Sale, the execution thereof to be conclusive evidence of such approval and determination;

RESOLVED, that in connection with the Chapter 11 Cases, the Authorized Signatories shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of Surgalign, to file a motion and related bidding procedures to continue marketing substantially all of Surgalign's assets, and commence a bidding and sale process for substantially all of Surgalign's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; *provided, however*, any decision to accept an offer to purchase Surgalign's assets shall be subject to further approval by the applicable Governing Body.

RESOLVED, that each of the Authorized Signatories be, and each of them hereby is, authorized and empowered, on behalf of and in the name of Surgalign, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions.

**Prompt Machine Shop Purchase Agreement**

RESOLVED, that it is in the best interest of Surgalign Spine Technologies, Inc. to enter into the proposed Asset Purchase Agreement (together with all exhibits, schedules and other attachments thereto or incorporated therein by reference, the "APA"), by and between Prompt Prototypes LLC, as buyer (the "Purchaser"), and Surgalign Spine Technologies, Inc., as seller, on terms and conditions substantially similar to those set forth in the form of APA.

RESOLVED, that the form, terms, and provisions of the APA, and any other agreement, instrument, document, or certificate required to effect the purposes of the APA, are authorized and approved, with such changes, additions, or deletions as any Authorized Signatories executing the same may in his or her discretion deem necessary or appropriate.

RESOLVED, that the Authorized Signatories be, and hereby are, authorized, empowered, and directed to enter into, execute, and deliver the APA with the Purchaser on behalf of and in the name of Surgalign Spine Technologies, Inc.

RESOLVED, that the Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file on behalf of Surgalign Spine Technologies, Inc. all schedules, lists, and other

motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of certain assets of Surgalign Spine Technologies, Inc. pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Prompt Sale"), and to take any and all action that they deem necessary or advisable to effect the Prompt Sale, the execution thereof to be conclusive evidence of such approval and determination.

**Dissolution of Non-U.S. Entities**

**RESOLVED**, that to the extent that the some or all of the equity interests of Surgalign's non-U.S. hardware subsidiaries are not sold or otherwise transferred to a third-party acquirer pursuant to the Stalking Horse APA, another asset purchase agreement, or a strategic transaction in connection with the Chapter 11 Cases, it is in the best interests of each Company to dissolve, cease operations, and wind down Surgalign's non-U.S. hardware subsidiaries.

**RESOLVED**, that the Authorized Signatories be, and hereby are, authorized and empowered, on behalf of and in the name of Surgalign, to take or cause to be taken or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolution.

**General**

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and empowered, on behalf of and in the name of Surgalign to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the

Authorized Signatories to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

****

**SECRETARY'S CERTIFICATE**

The undersigned, being duly elected as Chief Legal Officer and Corporate Secretary of Surgalign Holdings, Inc. ("**Surgalign**"), a Delaware corporation, hereby certifies that (i) the attached resolutions are true and correct copies of the resolutions adopted by Surgalign's Board of Directors on behalf of Surgalign and each company identified on **Annex A** attached hereto at a meeting of Surgalign's Board of Directors held on June 16, 2023; and (ii) these resolutions have not been amended and or modified or superseded in any way as of the date of this Certificate.

IN WITNESS WHEREOF, I have set my hand this 19th day of June, 2023.

By: _____
    Paolo Amoruso
    Chief Legal Officer and Corporate Secretary

*[Signature Page to Omnibus Written Consent]*

6

**Annex A**

**Companies**

| Name of Company | Jurisdiction of Incorporation | Governing Body |
|---|---|---|
| Surgalign Holdings, Inc. | Delaware | Board of Directors<br>Sheryl L. Conley<br>Terry Rich<br>Thomas A. McEachin<br>Mark D. Stolper<br>Paul G. Thomas<br>Nicholas J. Valeriani<br>Jill Frizzley<br>Elizabeth LaPuma |
| Surgalign Spine Technologies, Inc. | Delaware | Board of Directors<br>Terry Rich<br>David Lyle |
| Pioneer Surgical Technology NewCo Inc. | Texas | Director<br>Paolo Amoruso |
| Spinal Transition and Professional Services LLC | Texas | Manager<br>Paolo Amoruso |
| Andi's Belmarall, LLC | Delaware | Sole Member<br>Paradigm Spine, LLC |
| Fourth Dimension Spine, LLC | Delaware | Managers<br>Terry Rich<br>David Lyle |
| Holo Surgical Inc. | Delaware | Board of Directors<br>Terry Rich<br>David Lyle |
| HoloSurgical Technology Inc. | Delaware | Board of Directors<br>Terry Rich<br>David Lyle |

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___001-38832.

2. The following financial data is the latest available information and refers to the debtor's condition on March 31, 2023 unless indicated otherwise herein.

   a. Total assets                                         $    $67,714,000[1]

   b. Total debts (including debts listed in 2.c., below)
                                                           $    $76,643,000[2]

   c. Debt securities held by more than 500 holders

                                                                              Approximate number of holders:

   secured ☐  unsecured ☐  subordinated ☐  $ _____    _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____    _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____    _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____    _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____    _____

   d. Number of shares of preferred stock
   e. Number of shares common stock                                 10,165,061[3]

   Comments, if any: _____

   _____

   3. Brief description of debtor's business:  See first day declaration of Paul Rundell filed in connection herewith.

   _____

   4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  Paewel Lewicki (5.1%); Armistice Capital LLC (9.9%)

   _____

   _____

[1]This figure reflects Total Assets of SRGA as presented in the March 31, 2023 Form 10-Q and is on a consolidated basis for the Debtors and non-Debtor affiliates.

[2]This figure reflects Total Debts of SRGA as presented in the March 31, 2023 Form 10-Q and is on a consolidated basis for the Debtors and non-Debtor affiliates.

[3] This figure reflects number of shares of common stock as of June 16, 2023.

[4] This figure reflects ownership of SRGA as presented in the April 28, 2023 Schedule 14A.