**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) Case No. 23-90731 (CML) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER AUTHORIZING CONTINUATION OF THE INTERNATIONAL HARDWARE BUSINESS WIND-DOWN**

> **Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on June 20, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 20, 2023 at 3:00 p.m. (prevailing Central Time) in Courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on judge lopez's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

**Relief Requested**

1. The Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto, authorizing the Debtors to (the actions described in clauses (a) through (g) of this paragraph, collectively, the "**International Hardware Business Wind-Down**"): (a) sever any employees or contractors employed by or associated with the International Hardware Business (as defined below); (b) pay any wages, benefits, or severance required under applicable law as a result of severing any employees or contractors employed by or associated with the International Hardware Business; (c) sell, liquidate, transfer, or otherwise dispose of any assets owed by the International Hardware Affiliates (as defined below); (d) compromise any claims or causes of action held by the International Hardware Affiliates related to the International Hardware Business to the extent necessary to wind down and dissolve the International Hardware Affiliates; (e) commence litigation or other court proceedings in courts or other tribunals necessary or appropriate to wind down and dissolve the International Hardware Affiliates; (f) finalize any tax returns or other required filings necessary or appropriate to effectuate the wind down and dissolution of the International Hardware Affiliates; (g) engage consultants, advisors, or other professionals that may be necessary or appropriate to wind down and dissolve the International Hardware Affiliates; and (h) take any other steps necessary or appropriate to wind down and dissolve the International Hardware Affiliates.[2]

**Jurisdiction, Venue, and Predicates for Relief**

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core

---

[2] For the avoidance of any doubt, the relief requested by this Motion does not seek authorization to pay severance or other compensation to any person employed or otherwise engaged by the Debtors in the United States or to settle or compromise any claim or cause of action (including any claims or causes of action under chapter 5 of the Bankruptcy Code) held by any Debtor.

proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## Background

### I. Overview of Chapter 11 Cases

4. On June 19, 2023 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors are requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

5. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in the *Declaration of Paul Rundell, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**") and the *Debtors' Emergency Motion for Entry of: (I) An Order (A) Establishing Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors' Entry Into a Stalking Horse Agreement, (C) Establishing Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Related Notices, (E) Scheduling a*

3

*Hearing to Consider the Bid Protections and Proposed Sale, and (F) Granting Related Relief; (II) An Order (A) Authorizing and Approving the Bid Protections and (B) Granting Related Relief; and (III) An Order (A) Authorizing and Approving the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "**Sale Motion**"),[3] filed contemporaneously with this Motion and incorporated by reference herein.

## II. The International Hardware Business

6. As described in the First Day Declaration and the Sale Motion, the Debtors' business assets consist primarily of the Debtors' hardware and biologics business in the United States (the "**US Hardware Business**"), equity interests in non-Debtor entities that operate the Debtors' hardware business outside of the United States (the "**International Hardware Business**"), and digital and artificial intelligence business (the "**Digital Business**"). Prepetition, the Debtors took steps to begin to wind down those entities and their related business operations in the absence of a sale. For example, the Debtors caused their non-Debtor subsidiaries to take steps to sever employees, liquidate assets, and collect receivables associated with the International Hardware Business. The Debtors also implemented a corporate reorganization to facilitate an orderly sale of the Debtors' equity interests in the 11 non-Debtor entities that operate the International Hardware Business and that are incorporated or formed in Germany, Austria, Switzerland, Luxembourg, Netherlands, Australia, Singapore, United Kingdom, and Spain

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Sale Motion, as applicable.

(collectively, the "**International Hardware Affiliates**").[4]  An organizational chart illustrating the resulting corporate structure is included below.



7. In connection with those efforts, the Debtors engaged in extensive dialogue with various potentially interested parties regarding the sale of, in one or more transactions, the Debtors' assets, including the international entities. After extensive, arms' length negotiations, the Debtors secured a stalking horse bid from Xtant Medical Holdings, Inc. ("**Xtant**") for substantially all of the assets encompassing the U.S. Hardware Business and the equity interests in the International Hardware Affiliates. On June 18, 2023, the Debtors entered into an asset purchase agreement memorializing Xtant's bid.

---

[4] The Debtors have provided a variety of forms of credit support to the International Hardware Affiliates, including a letter of comfort, dated April 29, 2022 (the "**Letter of Comfort**"), pursuant to which Surgalign Holdings, Inc. guaranteed to provide International Hardware Affiliate, Paradigm Spine GmbH, with sufficient funds to enable Paradigm Spine GmbH to meet all of its existing or future financial liabilities.

8. Pending approval of the sale to Xtant or an alternative purchaser, as contemplated by the Sale Motion, the Debtors request authorization to complete the wind down of the International Hardware Affiliates in the ordinary course of business on a postpetition basis, in accordance with the relief requested in this Motion.[5]

## Basis for Relief

9. Section 363(c) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c). The Debtors believe their activities in connection with the International Hardware Business Wind-Down are ordinary course transactions, and thus are authorized by section 363(c) of the Bankruptcy Code without the need for court approval. To the extent the International Hardware Business Wind-Down is not an ordinary course transaction, it is in the best interest of the Debtors' estates and should be authorized under section 363(b) of the Bankruptcy Code.

10. Section 363(b)(1) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor must show that the decision to use the property outside of the ordinary course of business was based on the debtor's business judgment. *See In re Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("For a debtor in possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business").

---

[5] The Debtors are also marketing their equity interests in non-Debtor subsidiary, HoloSurgical Technology Polska sp Zoo (Poland), which operates the international arm of the Digital Business. To the extent that the Debtors do not transfer the equity interests in HoloSurgical Technology Polska sp Zoo (Poland) to a buyer in a sale or other transaction, the Debtors request authorization to wind down the entity in accordance with the relief requested in this Motion.

6

11.     Courts give great deference to a debtor's business judgment. *See ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("The business judgment standard in section 363 is flexible and encourages discretion."). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). To determine whether the articulated business justification is sufficient, courts "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *Cont'l Air Lines*, 780 F.2d at 1226.

12.     Absent authority to continue the International Hardware Business Wind-Down, it is possible that the International Hardware Affiliates may need to commence disorganized, value-destructive insolvency proceedings in multiple non-U.S. jurisdictions, which would distract the Debtors' management and advisors at this critical juncture and may expose the estates to various other contingencies. Moreover, without the authority to begin a wind-down process if the sale to Xtant is not consummated or an alternative purchaser is not found for the assets, the directors and officers of many of the International Hardware Affiliates would be subject to personal liability under applicable law if such entities are determined to be insolvent and the directors and officers have not promptly started formal wind-down processes. Accordingly, the International Hardware Business Wind-Down is necessary to avoid immediate and irreparable harm to the Debtors' estates and creditors. The Debtors request the authority to implement the International Hardware Business Wind-Down.

**Notice**

13. The Debtors will provide notice of this Motion to: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

The Debtors request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Houston, Texas
June 19, 2023

/s/ *J. Machir Stull*

**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
J. Machir Stull (TX Bar No. 24070697)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Email:     vpolnick@jw.com
     mstull@jw.com
     mcavenaugh@jw.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
Laura E. Baccash (*pro hac vice* pending)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:     (312) 881-5400
Email:     gregory.pesce@whitecase.com
     laura.baccash@whitecase.com

Charles R. Koster (TX Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:     (713) 496-9700
Email:     charles.koster@whitecase.com

Barrett Lingle (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 819-8200
Email:     barrett.lingle@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *J. Machir Stull*
J. Machir Stull

**Certificate of Service**

I certify that on June 19, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *J. Machir Stull*
J. Machir Stull