IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SURGALIGN HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-90731 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 130** |

NOTICE OF SERVED FORMS OF
BAR DATE NOTICE AND PUBLICATION NOTICE

On June 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates* [Docket No. 130] (the "Bar Date Order"). Attached to the Bar Date Order were the proposed form and manner of notice of the bar dates for filing proofs of claim (the "Bar Date Notice") as Exhibit 2 and the proposed form and manner of publication notice (the "Publication Notice") as Exhibit 3. Pursuant to the Bar Date Order, the Court modified the Bar Date Notice and the Publication Notice.

The Debtors hereby provide notice of the "as-served" version of the Bar Date Notice attached hereto as **Exhibit 1**. A redline of the "as-served" version of the Bar Date Notice marked against the original form of Bar Date Notice attached to the Bar Date Order is also attached hereto.

The Debtors hereby provide notice of the "as-served" version of the Publication Notice

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

attached hereto as **Exhibit 2**. A redline of the "as served" version of the Publication Notice marked against the original form of Publication Notice attached to the Bar Date Order is also attached hereto.

Houston, Texas
July 6, 2023

/s/ *Veronica A. Polnick*
**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
J. Machir Stull (TX Bar No. 24070697)
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Email:            vpolnick@jw.com
                     mstull@jw.com
                     mcavenaugh@jw.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice* )
Laura E. Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:     (312) 881-5400
Email:            gregory.pesce@whitecase.com
                     laura.baccash@whitecase.com

Charles R. Koster (TX Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:     (713) 496-9700
Email:            charles.koster@whitecase.com

Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 819-8200
Email:            barrett.lingle@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that, on July 6, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Veronica A. Polnick*
Veronica A. Polnick

36737885v.1

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | Case No. 23-90731 (CML) |
| Debtors. | (Jointly Administered) |
|  | (Emergency Hearing Requested) |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Surgalign Holdings, Inc. | 23-90731 |
| Surgalign Spine Technologies, Inc. | 23-90737 |
| Pioneer Surgical Technology NewCo Inc. | 23-90734 |
| Spinal Transition and Professional Services LLC | 23-90730 |
| Andi's Belmarall, LLC | 23-90733 |
| Fourth Dimension Spine, LLC | 23-90735 |
| Holo Surgical Inc. | 23-90736 |
| HoloSurgical Technology Inc. | 23-90732 |

**PLEASE TAKE NOTICE THAT:**

On June 19, 2023 (the "**Petition Date**"), Surgalign Holdings, Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases filed voluntary petitions for relief under chapter 11 of title 11 the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for Southern District of Texas (the "**Court**").

On June 30, 2023, the Court entered an order [Docket No. 130] (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc. (N/A); Spinal Transition and Professional Services LLC (N/A); Andi's Belmarall, LLC (N/A); Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952).  The location of the debtors' service address in these chapter 11 cases is:  520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

file Proofs of Claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("**Proofs of Claim**").

For your convenience, enclosed within this notice (this "**Notice**") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "**Schedules**"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "**Bar Dates**"):

a. ***Claims Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by August 16, 2023 at 5:00 p.m., prevailing Central Time***. Except expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. ***Governmental Bar Date***. Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by the Governmental Bar Date (i.e., by December 19, 2023 at 5:00 p.m. prevailing Central Time).*** The Governmental Bar Date applies to all governmental units holding Claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units

2

        with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

    c.     ***Rejection Damages Bar Date***. Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proof of Claim by the Rejection Damages Bar Date, (*i.e.,* by the date that is the later of ***(a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days after a Rejection Notice (as defined in the Rejection Procedures Motion) is served)***.

    d.     ***The Amended Schedules Bar Date***. Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.,* by the date that is ***the later of (a) the Claims Bar Date or Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time on the date that is 30 days after the date on which the Debtors provide notice of such amendment or supplement to the Schedules***).

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the applicable Bar Date:

    a.     any entity whose claim is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in the chapter 11 cases or share in any distribution in any of the chapter 11 cases;

    b.     any entity that believes its claim is improperly classified in the Schedules or listed for an incorrect amount and desires to have its claim allowed under a classification or in an amount different than set forth in the Schedules;

    c.     any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against any Debtor to the extent the grounds for such grievance arose on or prior to the Petition Date;

    d.     any entity that believes its claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    e.     any entity alleging that its claim is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### III. PARTIES WHO DO NOT NEED TO FILE A PROOF OF CLAIM BY THE CLAIMS BAR DATE

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need *not* file Proofs of Claims:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any entity that has filed a signed Proof of Claim against the applicable Debtor with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c. any entity whose claim is listed on the Schedules and: (i) is *not* listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

d. any entity whose claim has previously been allowed by a final order of the Court;

e. any Debtor holding a claim against another Debtor;

f. any entity whose claim is solely against any non-Debtor affiliates;

g. any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with a Court order;

h. a current employee of the Debtors whose claim is for a wage, commission, or benefit that the Court has authorized, by entry of an order, the Debtors to pay in the ordinary course of business; *provided* that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

i. any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j. any entity holding a claim for which a separate deadline is fixed by this Court;

k. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim by the Claims Bar Date; and

l. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases.

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b. ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. ***Electronic Signatures Permitted***. Only *original* Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed without identifying a specific Debtor will be deemed as filed only against Surgalign Holdings, Inc.

e. ***Claim Against Multiple Debtor Entities***. Except as otherwise set forth in the Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Surgalign Holdings, Inc.

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel,[3] such Proof of Claim may include a summary of such

---

[3] Any notice to the Debtors' counsel should be addressed to: White & Case LLP, 111 South Wacker Drive, Suite 5100 Chicago, Illinois 60606, Attn.: Laura E. Baccash (laura.baccash@whitecase.com) and White & Case LLP,

5

      documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten days from the date of such request.

  g.  ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date, by either:  (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov); (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/surgalign; or (iii) if submitted through non-electronic means, by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following addresses:

**If by First-Class Mail:**
Surgalign Holdings, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Courier:**
Surgalign Holdings, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

  h.  ***Receipt of Service***.  Claimants submitting Proofs of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

  a.  YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

---

1221 Avenue of the Americas, New York, New York 10020, Attn.: Barrett Lingle (barrett.lingle@whitecase.com).

  b. THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

  c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

  d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).

If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors'

website at https://restructuring.ra.kroll.com/surgalign. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov. A login identification and a password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at https://pacer.login.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC at (833) 939-6015 (Toll Free) or (646) 440-4843 (Non U.S. Parties).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) Case No. 23-90731 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Emergency Hearing Requested) |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE CLAIMS BAR DATE IS AUGUST 16, 2023 AT 5:00 P.M., PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS DECEMBER 19, 2023, AT 5:00 P.M. PREVAILING CENTRAL TIME**

*Deadlines for Filing Proofs of Claim*. On June 30, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No.130] (the "**Bar Date Order**") establishing certain deadlines for the filing of Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "**Proofs of Claim**"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "**Debtors**"):

| DEBTOR | CASE NO. |
|---|---|
| Surgalign Holdings, Inc. | 23-90731 |
| Surgalign Spine Technologies, Inc. | 23-90737 |
| Pioneer Surgical Technology NewCo Inc. | 23-90734 |
| Spinal Transition and Professional Services LLC | 23-90730 |
| Andi's Belmarall, LLC | 23-90733 |
| Fourth Dimension Spine, LLC | 23-90735 |
| Holo Surgical Inc. | 23-90736 |
| HoloSurgical Technology Inc. | 23-90732 |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

*The Bar Dates*.  Pursuant to the Bar Date Order, **all** persons and entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to June 19, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM by *August 16, 2023 at 5:00 p.m., prevailing Central Time* **(the "Claims Bar Date")**.  Governmental units that have a claim or potential claim against the Debtors that arose prior to June 19, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *December 19, 2023 at 5:00 p.m., prevailing Central Time* **(the "Governmental Bar Date")**.  All persons and entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the later of *(a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days after a Rejection Notice (as defined in the Rejection Procedures Motion) is served* **("the Rejection Damages Bar Date")**.  All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "**Schedules**") are required to file Proofs of Claim *by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment of the Schedules* **(the "Amended Schedules Bar Date")**.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "**Claims and Noticing Agent**"), on or before the Claims Bar Date (or, where applicable, on or before any other Bar Dates as set forth herein or by order of the Court) either:  (i) electronically via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov) or (ii) electronically via the interface available on the Claims and Noticing Agent's website (https://restructuring.ra.kroll.com/surgalign); or (iii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following addresses as noted below:

**If by First-Class Mail:**
Surgalign Holdings, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Courier:**
Surgalign Holdings, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

**Contents of Proofs of Claim.** Each Proof of Claim must: (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting documentation on which the claim is based. *Please note* that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, the Proof of Claim may be treated as if filed only against Surgalign Holdings, Inc. or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Surgalign Holdings, Inc.

*Electronic Signatures Permitted*. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

*Section 503(b)(9) Requests for Payment*. Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also: (1) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*. If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Claims and Noticing Agent at (833) 939-6015 (Toll Free) or (646) 440-4845 (Non U.S. Parties); or (ii) visiting https://restructuring.ra.kroll.com/surgalign.