IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90731 |
| | § | |
| Surgalign Holdings, Inc., *et al,* [1] | § | (Chapter 11) |
| | § | |
| Debtor. | § | Judge Christopher M. Lopez |

**MOTION TO QUASH
2004 SUBPOENAS AND INTERROGATORIES AND FOR PROTECTION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**DEARBORN CAPITAL MANAGEMENT, LLC, NEVA, LLC, KRZYSZTOF SIEMIONOW, and PAWEL (PAUL) LEWICKI** (collectively, "Movants") file this *Motion to Quash 2004 Subpoenas and Interrogatories and for Protection* served by the Debtors (as defined in the footnote below), and show:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are Surgalign Holdings, Inc. (0607), Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); HoloSurgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the Debtor's service address in these Chapter 11 cases is 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

## RELEVANT FACTUAL BACKGROUND

1. Debtors commenced their Chapter 11 bankruptcy cases on June 19, 2023 (the "*Petition Date*").

2. Movants are unsecured creditors of the Debtors.

## IMPROPRIETY OF THE 2004 INTERROGATORIES AND REASONS FOR QUASHAL

3. Movants received two somewhat strange emails from a representative of the Debtors. These emails are attached hereto as Exhibits "A" and "B." Attached to these emails are a series of interrogatories and instructions, as further described below.

4. The emails originated from Jessica Rumschlag, apparently an employee of the Debtors, but were sent on behalf of Paolo Amoruso, the chief legal officer and also an employee of the Debtors (the "Amoruso Emails"). Each of the emails states that "As part of proper corporate governance and as approved by the Board of Directors, a special committee was established to conduct an internal review relating to payments made to insiders during the last 4 years."

5. Rather than "an internal review," each of the Amoruso Emails had an attachment entitled "The Debtors' First Set of Interrogatories and Request for the Production of Documents to Certain of the Debtors' Insiders." (the "Rule 2004 Interrogatories"). As can be seen from the Exhibits, these Interrogatories were served pursuant to FRBP 2004.

6. The Amoruso Emails directed Movants to return the answers to the 2004 Interrogatories not to Paolo Amoruso, or to the "special committee," but to Samuel P. Hershey, an attorney with White & Case, proposed counsel for the Debtors.

7.            The Debtors' 2004 Interrogatories are improper and should be quashed because:

    (i)      Movants are represented by Counsel. See Docket No. 99. Movants should never have been contacted directly.

    (ii)     Counsel for the Movants was never served with the 2004 Interrogatories.

    (iii)     BLR 2004-1 states as follows:

> Local Rule 2004-1. Examination.
> (a) The purpose of this rule is to avoid a motion and court order for a 2004 examination unless an objection is filed and to encourage agreements on an examination schedule.
> (b) A written agreement between the proponent, opposing counsel, and the person or entity to be examined of date, time, and place of a 2004 examination is enforceable by a motion to compel or for sanctions without necessity of court order or subpoena.
> (c) Conferences to arrange for an agreeable examination schedule are required. Failure to confer is grounds for a motion to quash and sanctions.
> (d) Not fewer than 14 days written notice of a proposed examination must be given to the person or entity to be examined, its counsel, and to affected parties under BLR 9013-1(a). The notice must apprise the party of the scope of the examination and categories of documents to be produced. The notice must be filed.
> (e) If no response is served, the notice to conduct an examination under this rule is deemed ordered, without requiring the entry of an order.
> (f) If a party to be examined has objections, that party has the burden to seek relief from the court by filing a motion to quash or for a protective order. The motion must comply with BLR 9013-1. The entity to be examined and affected parties have 7 days to respond or object to the proposed examination.
> (g) If anyone has been unreasonable in seeking or resisting discovery under FED. R. BANKR. P. 2004, the court may impose sanctions.

    (iv)     Counsel for the Debtors never conferred with Counsel for the Movants regarding the 2004 Interrogatories, their purpose, or as to a schedule for the 2004 Interrogatories completion. Indeed, Counsel for the Movants was completely unaware of the 2004 Interrogatories until advised by the Movants. While not in the form of an oral examination or deposition, the

<table>
<tr><td></td><td>2004 Interrogatories on their face are served pursuant to FRBP 2004 and are thus further subject to BLR 2004-1.</td></tr>
<tr><td>(v)</td><td>There is presently no pending litigation between the Debtor and the Movants. Indeed, Movants have not yet filed their proofs of claim.</td></tr>
<tr><td>(vi)</td><td>FRBP 2004(b) states as follows:</td></tr>
</table>

> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code **may relate only** to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. (emph. added)

(vii) The 2004 Interrogatories appear to be some sort of pre-litigation fishing expedition on the part of the Debtors. The questions asked refer to payments from the Debtors to the Movants going back four (4) years.

(viii) The requests are oppressive, burdensome and meant to harass.

(ix) The 2004 Interrogatories are not proportional in that the requesting party's (Debtors') ability to obtain the information is similar or superior to that of the responding party (Movants). See FRCP 26(b)(1) (notes Sec. 12). Further the discovery request asks for information that the requesting party has ample opportunity to discover on its own. FRCP 26(b)(2)(C)(ii). The requested information can be readily accessed by the Debtor's accounting department and via the Debtor's accounting software, far more easily than having the Movants recreate these transactions on their own.

(x) Debtors cannot show good cause for why the discovery sought by the 2004 Interrogatories should be permitted, especially in light of the failure to follow any of the local or national bankruptcy rules.

WHEREFORE, Movants request that the 2004 Subpoenas and Interrogatories be quashed, and that Movants be protected from the interrogatories and document production

requested therein and for all other appropriate relief.

DATED: July 25, 2023

                                            Respectfully submitted,

                                            */s/ Wayne Kitchens*
Wayne Kitchens         TBN: 11541110
wkitchens@hwa.com
Heather Heath McIntyre   TBN: 24041076
hmcintyre@hwa.com
Hughes Watters Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas  77002
Telephone:    (713) 759-0818
Facsimile:     (713) 759-6834

**COUNSEL FOR MOVANTS**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Quash 2004 Subpoenas and Interrogatories and for Protection* has been served to all parties entitled to receive notice in this case via CM/ECF on this the 25th day of July, 2023.

                                            */s/ Wayne Kitchens*
Wayne Kitchens