**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) ) Case No. 23-90731 (CML) |
| Debtors. | ) ) (Jointly Administered) ) **Re: Docket No. 26** |

**ORDER (I) AUTHORIZING AND APPROVING THE SALE
OF CERTAIN OF THE DEBTORS' DIGITAL HEALTH BUSINESS
ASSETS TO AUGMEDICS, INC. FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING
THE SALE TRANSACTION; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Local Rules**"), and Paragraph N of the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Procedures**"), *inter alia* (i) approving the sale of substantially all of the Debtors' assets; (ii) authorizing the consummation of the sale and each of transactions contemplated by that certain Asset Purchase Agreement, dated as of August 9, 2023 attached as **Exhibit A** hereto

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion [Docket No. 26] or the Asset Purchase Agreement (as defined herein).

(as amended, supplemented, amended and restated or otherwise modified from time to time, including the amendments thereto, as set forth in the schedules attached to this Order, and including the exhibits and schedules thereto, the "**Asset Purchase Agreement**"), by and among Augmedics, Inc. (the "**Purchaser**") and Surgalign Spine Technologies, Inc. ("**Surgalign Spine**"), Holo Surgical Inc. ("**Holo Surgical**"), and HoloSurgical Technology Inc. ("**Holo Technology**", and, together with Surgalign Spine and Holo Surgical, "**Sellers**"), and, solely with respect to provisions applicable to the Deposit and the Escrow Agreement, Surgalign Holdings, Inc. ("**Holdings**", and together with the Sellers, the "**Debtors**") and this Order (the "**Sale Transaction**"); and (iii) granting related relief; and upon the *Declaration of George Varughese in Support of the Motion* [Docket No. 29]; and the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") having entered an order on June 30, 2023 [Docket No. 137] (the "**Bid Procedures Order**") approving, among other things, the dates, deadlines, and bidding procedures (the "**Bid Procedures**") with respect to, and notice of, the proposed sale of substantially all the assets, including the Purchased Assets (as defined in the Asset Purchase Agreement); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing on August 8, 2023 (the "**Sale Hearing**") to approve the Sale Transaction; and the Court having reviewed and considered (a) the Motion, (b) the objections to the Motion or the Sale Transaction, if any, (c) all other pleadings filed in support of the Motion, and (d) the arguments of counsel, and the evidence proffered or adduced at the Sale Hearing and any other hearing related to the Motion; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Sale Transaction and the other relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best

interests of the Debtors, their estates, creditors and other parties in interest; and upon the record of the Sale Hearing and the chapter 11 cases; and after due deliberation thereon; and good cause appearing therefore, it is hereby,

**FOUND, DETERMINED, AND CONCLUDED THAT:[3]**

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction to consider the Motion and approve the Sale Transaction under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and this Motion is proper in this district and Court under 28 U.S.C. §§ 1408 and 1409.

B.    <u>Final Order</u>.  This Order constitutes a final order within the meaning of 28 U.S.C. §158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C.    <u>Property of the Estate</u>.  The Purchased Assets constitute property of the Sellers' estates and title thereto is vested in the Sellers' estates within the meaning of section 541(a) of the Bankruptcy Code.

D.    <u>Legal Predicates</u>.  The predicates for the relief requested by this Motion are sections 105, and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9014, Local Rule 9013-1, and Paragraph N of the Complex Procedures.

---

[3]    The findings, determinations, and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.     Petition Date.   On June 19, 2023 (the "**Petition Date**"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

F.     Bid Procedures Order.   On June 30, 2023, this Court entered the Bid Procedures Order, *inter alia* (i) approving the Bid Procedures; (ii) scheduling the Auction, if any, and Sale Hearing; (iii) approving the form and manner of notice of the Bid Procedures, the Bid Deadline, the Auction, the deadline to object to the sale, and all other relevant procedures, protections, schedules and agreements; and (iv) granting related relief.  No appeal, motion to reconsider, or similar pleading has been filed with respect to the Bid Procedures Order, and the Bid Procedures Order is a final order of the Court.  The Bid Procedures Order has not been vacated, withdrawn, rescinded or amended and remains in full force and effect.

G.     Compliance with Bid Procedures Order.   As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Debtors have marketed the Purchased Assets and conducted the sale process in compliance with the Bid Procedures Order.  The Debtors and their professionals have afforded potential purchasers a full and fair opportunity to make offers.  The Purchaser and its directors, managers, officers, employees, agents, representatives, attorneys, contractors, subcontractors, and independent contractors, in each case, in its respective capacity as such (collectively, the "**Purchaser Parties**") have acted in good faith and in compliance with the terms of the Bid Procedures.  In accordance with the Bid Procedures, the Debtors determined that the bid submitted by the Purchaser and memorialized by the Asset Purchase Agreement is the Successful Bid (as defined in the Bid Procedures) for the Purchased.  The Asset Purchase

4

Agreement constitutes the highest and best offer for the Purchased Assets, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.  The Debtors' determination that the Asset Purchase Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

H.    <u>Notice</u>.  As evidenced by the affidavits of service and publication previously filed with the Court [Docket No. 255], and based on the record at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion, the Bid Procedures, the Auction, the Sale Hearing, the Sale Transaction, and the relevant objection deadlines has been provided in accordance with sections 102(l) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014, and applicable Bankruptcy Local Rules, and in compliance with the Bid Procedures Order to each party entitled to such notice, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Bid Procedures, the Auction, if any, the Sale Hearing, the Sale Transaction, or the relevant objection deadlines is or shall be required.  With respect to entities whose identities are not reasonably ascertained by the Debtors, publication of the Sale Notice in the national edition of *The New York Times* on July 7, 2023, was sufficient and reasonably calculated under the circumstances to reach such entities.  [Docket No. 255-1].

I.    <u>Company Authority</u>.  Each Debtor (i) has full corporate power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby and hereby, including any ancillary agreements (collectively, the "**Transaction Documents**"), and the Sale Transaction has been duly and validly authorized by all necessary action of each of the applicable Debtors, (ii) has all of the corporate power and authority necessary to consummate the

transactions contemplated by this Order and the Transaction Documents, (iii) has taken all action and formalities necessary to authorize and approve the Transaction Documents and the Debtors' consummation of the transactions contemplated thereby and hereby, including as required by their respective organizational documents, and (iv) has duly executed and delivered the Asset Purchase Agreement.  No government, regulatory or other consents or approvals, other than those expressly provided for in the Transaction Documents, are required for the Debtors to enter into the Transaction Documents, to consummate the Sale Transaction, or to perform their obligations under the Transaction Documents.  The consummation of the Sale Transaction and performance under the Transaction Documents do not violate or conflict with any applicable law.

J.      <u>Opportunity to Object</u>.  A fair and reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein, has been given to all interested persons and entities, including the following: (i) all known parties holding or asserting Interests on, in, or against the Purchased Assets, (ii) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the time of service, and (iii) all applicable federal, state. and local taxing and regulatory authorities.

K.      <u>Sale in Best Interest</u>.  Consummation of the sale of the Purchased Assets pursuant to the Asset Purchase Agreement at this time is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

L.      <u>Business Justification</u>.  Sound business reasons exist for the Sale Transaction. Entry into the Transaction Documents, and the consummation of the transactions contemplated thereby, including the Sale Transaction, constitutes an exercise of the Debtors' sound business judgment and such acts are in the best interests of each Debtor, its estate, and all parties in interest.  The Court finds that each Debtor has articulated good and sufficient business reasons

justifying the Sale Transaction.  Such business reasons include, but are not limited to, the following: (i) the Asset Purchase Agreement constitutes the highest and best offer for the Purchased Assets; (ii) the Purchaser has agreed to assume the Assumed Liabilities; (iii) the Sale Transaction maximizes the going concern value of the Business and Purchased Assets; and (iv) unless the Sale Transaction and all of the other transactions contemplated by the Transaction Documents are concluded expeditiously, as provided for in the Motion, the Bid Procedures, and pursuant to the Asset Purchase Agreement, recoveries to creditors may be diminished.

M.     The Debtors' Marketing Process.  The Debtors and their professionals actively marketed the Purchased Assets to potential purchasers, as set forth in the Motion and in accordance with the Bid Procedures Order.  The bidding and auction process set forth in the Bid Procedures Order and the Bid Procedures afforded a full and fair opportunity for any entity to make a higher or otherwise better offer to purchase the Purchased Assets than the offer memorialized by the Asset Purchase Agreement. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective bidders have been afforded a reasonable and fair opportunity to bid for the Purchased Assets.

N.     No Other Actionable Bids.  No other person or entity or group of persons or entities has offered to purchase the Purchased Assets for an amount that would give equal or greater economic value to the Debtors and their estates in the aggregate than the value being provided pursuant to the Asset Purchase Agreement.  Among other things, the Sale Transaction is the best alternative available to the Debtors to maximize the return to their estates.  The terms and conditions of the Asset Purchase Agreement, including the consideration to be realized by the Debtors, are fair and reasonable.  Given all of the circumstances of the chapter 11 cases and the adequacy and fair value of the consideration provided under the Asset Purchase Agreement,

approval of the Motion, the Asset Purchase Agreement, and the transactions contemplated thereby and hereby, including the Sale Transaction, is in the best interest of the Debtors, their estates and creditors, and all other parties in interest.

O.     Arms'-Length Sale.  The Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser without collusion, in good faith, and at arms'-length.   None of the Debtors or any of the Purchaser Parties, or any of their respective representatives has engaged in any conduct that would cause or permit the Transaction Documents, or the consummation of the Sale Transaction, to be avoidable or avoided, or for costs or damages to be imposed, under 11 U.S.C. § 363(n), or has acted in bad faith or in any improper or collusive manner with any entity in connection therewith.   Specifically, the Purchaser Parties have not acted in a collusive manner with any person or entity and the Purchase Price was not controlled by any agreement among bidders.

P.     Good Faith Purchaser.  The Purchaser is a good faith purchaser for value and, as such, is entitled to all of the protections afforded under 11 U.S.C. § 363(m) and any other applicable or similar bankruptcy and non-bankruptcy law.  Furthermore, none of the Purchaser Parties is an "insider" (as defined under section 101(31) of the Bankruptcy Code) of any Debtor, and, therefore, each Purchaser Party is entitled to the full protections of section 363(m) of the Bankruptcy Code and has otherwise proceeded in good faith in all respects in connection with these chapter 11 cases and the Sale Transaction.  Without limiting the foregoing: (i) all Purchaser Parties recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets; (ii) all Purchaser Parties complied in all respects with the provisions in the Bid Procedures Order; (iii) the Purchaser agreed to subject its bid to the competitive Bid Procedures set forth in the Bid Procedures Order; (iv) all consideration to be

8

provided by the Purchaser and all other agreements or arrangements entered into by the Purchaser Parties in connection with the Sale Transaction have been disclosed; (v) no common identity of directors, officers or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Transaction Documents were at arm's-length and in good faith, and at all times each of the Purchaser Parties and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser Parties have not acted in a collusive manner with any person or entity. The Purchaser Parties will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Asset Purchase Agreement and the other Transaction Documents.

Q.      <u>Free and Clear Sale</u>.  The Sellers may sell the Purchased Assets free and clear of all Encumbrances, claims (including any "claims" as defined in section 101(5) of the Bankruptcy Code), rights, obligations, Liabilities, and other interests of any kind or nature whatsoever against the Debtors or the Purchased Assets (other than the Assumed Liabilities), including, without limitation, other than the Assumed Liabilities, any Liabilities, debts, or obligations arising under or out of, in connection with, or in any way relating to, any acts or omissions, indentures, loan agreements, instruments, leases, agreements, collective bargaining agreements, conditional sale or other title retention agreements, suits, judgments, demands, guaranties, contractual commitments, licenses, restrictions, options, rights of first refusal, offsets, Contracts, recoupment rights, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, breach of warranty, alter-ego, environmental liabilities, labor and employment claims (whether or not under a labor agreement), employee pension or benefit plan claims (including multiemployer benefit plan claims), including any withdrawal or termination liability thereunder, workers' compensation claims, retiree medical benefits claims, liabilities

related to the Employee Retirement Income Security Act of 1974, liabilities related to the
Worker Adjustment and Retraining Notification Act of 1988, liabilities related to the Internal
Revenue Code, or any other liability relating to the Debtors' current and former employees,
claims for taxes of or against the Debtors or their assets, any derivative, vicarious, transfer or
successor liability claims, and any other rights or causes of action (whether in law or in equity,
under any law, statute, rule or regulation of the United States, any state, territory, or possession
thereof or the District of Columbia), whether arising prior to or subsequent to the Closing Date,
whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled,
noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed,
asserted or unasserted, material or non-material, disputed or undisputed, matured or unmatured,
liquidated or unliquidated, or contingent or non-contingent, and whether imposed by agreement,
understanding, law, equity or otherwise, including, without limitation, any and all claims
otherwise arising under doctrines of successor liability, in each case, arising under or out of, in
connection with, or in any way related to the Debtors (or their predecessors), the Debtors'
interests in the Purchased Assets, the operation of the Debtors' businesses before the Closing, or
the transfer of the Debtors' interests in the Purchased Assets to the Purchaser, and all Excluded
Liabilities (collectively, and excluding only Assumed Liabilities, the "**Interests**"), because, with
respect to each person or entity asserting an Interest, one or more of the standards set forth in
sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Each person or entity with an
Interest in the Purchased Assets: (i) has, subject to the terms and conditions of this Order,
consented to the Sale Transaction or is deemed to have consented to the Sale Transaction; (ii)
could be compelled in a legal or equitable proceeding to accept money satisfaction of such
Interest; or (iii) otherwise falls within one or more of the other subsections of section 363(f) of

the Bankruptcy Code.  Those holders of Interests who did not object or withdrew objections to the Sale Transaction are deemed to have consented to the Sale Transaction pursuant to section 363(f)(2) of the Bankruptcy Code.

R.      The Purchaser would not have entered into the Asset Purchase Agreement and would not consummate the transactions contemplated thereby, including the Sale Transaction, (i) if the transfer of the Purchased Assets was not free and clear of all Interests, including rights or claims based on any successor or transferee liability, of any kind or nature whatsoever (solely except as expressly set forth in the Asset Purchase Agreement or this Order with respect to Assumed Liabilities) or (ii) if any of the Purchaser Parties would, or in the future could, be liable for any such Interests.

S.      Not transferring the Purchased Assets to the Purchaser free and clear of all Interests would adversely impact the Debtors' efforts to maximize the value of their estates, and the transfer of the Purchased Assets to the Purchaser other than pursuant to a transfer that is free and clear of all Interests would be of substantially less benefit to the Debtors' estates.  The total consideration to be provided under the Asset Purchase Agreement reflects the Purchaser's reliance on this Order to provide the Purchaser, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Purchased Assets free and clear of all Interests.

T.      <u>Prompt Consummation</u>.  The sale of the Purchased Assets must be approved and consummated promptly to preserve the value of the Purchased Assets. Therefore, time is of the essence in consummating the Sale Transaction, and the Debtors and the Purchaser intend to close the Sale Transaction as soon as reasonably practicable. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification

for the immediate approval and consummation of the transactions contemplated by the Asset Purchase Agreement, the other Transaction Documents and this Order, including the Sale Transaction. The Purchaser, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the Sale Transaction contemplated by the Asset Purchase Agreement at any time after entry of this Order, subject to the terms and conditions of the Asset Purchase Agreement. There is cause to lift the stay contemplated by Bankruptcy Rule 6004 with regards to the transactions contemplated by this Order.

U.      No Fraudulent Transfer.  The Transaction Documents were not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia, and none of the parties to the Transaction Documents are consummating the Sale Transaction for any other fraudulent or otherwise improper purpose.

V.      The consideration provided by the Purchaser for the Purchased Assets pursuant to the Asset Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value, fair consideration and fair value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia (including the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act), and any other applicable law.

W.      Purchaser Not an Insider and No Successor Liability.  Prior to the Closing Date, the Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders existed

between the Purchaser and the Debtors. The transfer of the Purchased Assets to the Purchaser, the assumption of the Assumed Liabilities by the Purchaser and the consummation of the Sale Transaction (including any individual elements of the Sale Transaction), do not, and will not, subject the Purchaser Parties to any liability whatsoever, with respect to the operation of the Debtors' businesses prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including any laws affecting antitrust, successor, transferee or vicarious liability. Pursuant to the Asset Purchase Agreement, the Purchaser is not purchasing all of the Debtors' assets in that the Purchaser is not purchasing any of the Excluded Assets or assuming the Excluded Liabilities, and the Purchaser is not holding itself out to the public as a continuation of the Debtors. The Purchaser, as a result of any action taken in connection with the Sale Transaction (including by consummating the Sale Transaction), is not a successor to or a mere continuation of any of the Debtors or their respective estates and there is no continuity or common identity between the Purchaser and the Debtors.  The Sale Transaction does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors and/or the Debtors' estates.  There is not substantial continuity between the Purchaser and the Debtors, and there is no continuity of enterprise between the Debtors and the Purchaser.  The Purchaser does not constitute a successor to the Debtors or the Debtors' estates.  None of the Purchaser Parties shall assume or in any way be responsible for any obligations or Liability of any Debtor or any Debtor's estate, except for the Assumed Liabilities.

X.     <u>Binding Agreement</u>.  The Transaction Documents are, or upon the execution of thereof by the parties thereto, will be valid and binding contracts between the Debtors and the

Purchaser and shall be enforceable pursuant to their terms.  Notwithstanding anything contained herein, the Transaction Documents or any further order of the Court to the contrary, the Transaction Documents and consummation of the Sale Transaction shall be, to the extent provided in the Transaction Documents, specifically enforceable against and binding upon the Debtors and any estate representative, including any chapter 7 trustee or chapter 11 trustee appointed in any of the Debtors' cases, any plan administrator, litigation trustee or liquidation trustee appointed in the chapter 11 cases or any successor cases, creditors and all other parties-in-interest, and shall not be subject to rejection or avoidance by the foregoing parties or any other Person or entity.

Y.    <u>Legal, Valid Transfer</u>.  The Debtors have full corporate power and authority (i) to perform all of their obligations under the Transaction Documents and (ii) to consummate the Sale Transaction.  The transfer of the Purchased Assets to the Purchaser will be a legal, valid, and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title, and interest of the Sellers in and to the Purchased Assets free and clear of all Interests.  The Purchased Assets constitute property of the Sellers' estates and good title to the Purchased Assets is vested in the Sellers' estates within the meaning of section 541(a) of the Bankruptcy Code.  The Sellers are the sole and rightful owners of the Purchased Assets, and no other person or entity has any ownership right, title, or interests therein.

Z.    <u>Not a Sub Rosa Plan</u>.  The Sale Transaction does not constitute a *sub rosa* chapter 11 plan or an element of such plan for the Debtors, for which approval has been sought without the protections that a disclosure statement would afford.  The Sale Transaction does not (i) impermissibly restructure the rights of the Debtors' creditors or equity interest holders, (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors,

(iii) impermissibly dictate a plan of reorganization for the Debtors; or (iv) classify claims or equity interests, compromise controversies, or extend debt maturities.

AA.    <u>Consummation is Legal, Valid and Binding</u>.  The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of the Bankruptcy Code have been complied with in respect of the transactions contemplated by the Asset Purchase Agreement and the other Transaction Documents.  The transactions contemplated under the Transaction Documents and this Order (including the Sale Transaction) are inextricably linked and collectively constitute a single, integrated transaction.

BB.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

<u>**General Provisions**</u>

1.    The Sale Transaction contemplated by the Motion and the Asset Purchase Agreement is approved, in each case, as set forth in this Order.

2.    This Court's findings of fact and conclusions of law set forth in the Bid Procedures Order are incorporated herein by reference.

3.    Objections to the Motion or the relief requested therein, the Transaction Documents, the Sale Transaction, the entry of this Order, or the relief granted herein that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby **DENIED** and **OVERRULED** on the merits with prejudice.  All withdrawn objections are deemed withdrawn with prejudice.  Those parties, including those holders of

Interests, who did not object to the Motion or the entry of this Order in accordance with the Bid Procedures Order, or who withdrew their objections thereto, are deemed to have consented to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Interests that have an Interest in the Purchased Assets and who did object could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest pursuant to section 363(f)(5) of the Bankruptcy Code or fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and, therefore, are adequately protected by having their Interests that constitute Interests in the Purchased Assets, if any, attach solely to the proceeds of the Sale Transaction ultimately attributable to the property in which they have an Interest, in the same order of priority and with the same validity, force and effect that such holders had prior to the Sale Transaction, subject to any claims, setoffs, deductions, offsets and defenses of the Debtors to such Interests.

## Approval of the Sale of the Purchased Assets

4.      The Asset Purchase Agreement, including any amendments, supplements and modifications thereto, all other Transaction Documents, and all of the terms and conditions therein, are hereby **APPROVED** in all respects.

5.      Pursuant to 11 U.S.C. §§ 363(b) and (f), the sale of the Purchased Assets to the Purchaser pursuant to the Asset Purchase Agreement free and clear of all Interests is approved in all respects.

**Sale and Transfer of the Purchased Assets**

6.     The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and the laws of the United States, any state, territory, possession, or the District of Columbia, including without limitation the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, and any other applicable law. The Sale Transaction may not be avoided or rejected by any person or entity, nor may any costs or damages be imposed or awarded against the Purchaser Parties, under section 363(n) or any other provision of the Bankruptcy Code.

7.     The Sale Transaction authorized herein shall be of full force and effect, regardless of the Debtors' lack or purported lack of good standing in any jurisdiction in which the Debtors are formed or authorized to transact business.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified to the extent necessary, without further order of this Court, to implement the Sale Transaction and the provisions of this Order, including, without limitation, to allow the Purchaser to: (a) deliver any notice provided for in the Asset Purchase Agreement and any of the other Transaction Documents; (b) take any and all actions permitted under the Asset Purchase Agreement and any of the other Transaction Documents in accordance with the terms and conditions thereof; and (c) take any and all actions necessary or appropriate to implement the Sale Transaction.

8.     Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect or interfere, or that would be inconsistent (a) with the ability of the Debtors to sell and

transfer the Purchased Assets to the Purchaser in accordance with the terms of the Transaction Documents and this Order, (b) with the ability of the Purchaser to acquire, take possession of, use and operate the Purchased Assets and to conduct the Business in accordance with the terms of the Transaction Documents and this Order and (c) with the ability of the Debtors and the Purchaser to consummate the transactions contemplated by the Transaction Documents or to perform their respective obligations under any of the Transaction Documents; provided, however, that the foregoing restriction shall not impair the right of any party in interest with the requisite standing to appeal this Order in accordance with applicable law or opposing any appeal of this Order.

9.      Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors are hereby authorized, empowered and directed to, and shall, take any and all actions necessary or appropriate to (a) sell the Purchased Assets to the Purchaser, (b) consummate the Sale Transaction in accordance with, and subject to the terms and conditions of, this Order and the Transaction Documents, and (c) transfer and assign to the Purchaser all right, title and interest (including common law rights) to all property, licenses and rights to be conveyed in accordance with and subject to the terms and conditions of the Transaction Documents, in each case without further notice to or order of this Court.  The Debtors are further authorized and directed to execute and deliver, and are empowered to perform under, consummate and implement, the Transaction Documents, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Asset Purchase Agreement, including the related documents, exhibits and schedules, and to take all further actions as may be reasonably requested by the Purchaser for the purposes of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to possession, the Purchased Assets, or as may be

necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Transaction Documents without further notice to or order of this Court. Neither the Purchaser nor the Debtors shall have any obligation to proceed with consummating the Sale Transaction until all conditions precedent to their obligations to do so under the applicable Transaction Documents have been met, satisfied or waived.

10. Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser at Closing free and clear of all Interests. On and after the Closing Date, any person or entity that has an Interest against or in the Purchased Assets is authorized and directed to execute such documents and take all other actions as may be necessary or reasonably requested by the Purchaser to release its Interests in or against the Purchased Assets, if any, as such Interests may have been recorded or otherwise exist. If any such person or entity shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions or releases of all Interests that such person or entity has with respect to the Purchased Assets, or otherwise, then the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature; provided that, notwithstanding anything in this Order, the Asset Purchase Agreement or other Transaction Documents to the contrary, the provisions of this Order authorizing and approving the transfer of the Purchased Assets free and clear of all Interests shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in

order to effectuate, consummate, and implement the provisions of this Order, the Asset Purchase Agreement or any of the other Transaction Documents.

11.     Following the Closing, the Purchaser may, but shall not be required to, file or record a certified copy of this Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtors are formed or have real or personal property, or with any other appropriate clerk or recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Order as of the Closing and/or to transfer and assign any of the Purchased Assets to the Purchaser as of the Closing free and clear of any and all Interests. Subject to the occurrence of the Closing, this Order will be construed, and constitute for any and all purposes, a full and complete general assignment, conveyance and transfer to the Purchaser of the Purchased Assets or a bill of sale transferring good and marketable title in the Purchased Assets to the Purchaser.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order, the Asset Purchase Agreement and the other Transaction Documents.

12.     All persons and entities who are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

13.     Except as expressly permitted by the Asset Purchase Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, parties to executory contracts and unexpired leases, customers,

licensors, current and former employees and other creditors, and all holders of Interests against or in a Debtor or any of the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Purchased Assets before the Closing, or the transactions contemplated by the Asset Purchase Agreement, including the Sale Transaction and the transfer of the Purchased Assets, are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such persons' or entities' Interests, whether by payment, setoff, or otherwise, directly or indirectly (including, without limitation, taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any Interest; (d) asserting an Interest as a setoff, right of subrogation or recoupment of any kind against any obligation due; (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof; or (f) interfering with, preventing, restricting, prohibiting or otherwise enjoining the consummation of the Sale Transaction), in the case of each of the foregoing, against the Purchaser, the other Purchaser Parties, or any of their respective successors or assigns, their respective assets or property and the Purchased Assets. Following the Closing, no party shall interfere with the Purchaser's title to or use, enjoyment and operation of the Purchased Assets based on or related to any such Interest or based on any action or failure to act of the Debtors in the chapter 11 cases or any successor cases.

14.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license or similar grant relating to

the Business or the operation of the Purchased Assets on account of the filing or pendency of the chapter 11 cases or the consummation of the transactions contemplated by the Asset Purchase Agreement or any of the other Transaction Documents, including the Sale Transaction and the transfer of the Purchased Assets. Each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction.

15.     The Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Business or the Purchased Assets, and, to the extent provided for under the Asset Purchase Agreement, all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are directed to be, transferred to the Purchaser as of the Closing Date.  Any dispute with respect to any such transfer or the vesting of any such license, permit, registration or government authorization or approval in the Purchaser not raised by the Sale Objection Deadline is hereby waived.

16.     Subject to the terms and conditions of this Order, the transfer of the Purchased Assets to the Purchaser pursuant to the Asset Purchase Agreement and the consummation of the Sale Transaction and any related actions contemplated hereby and thereby constitute a legal, valid, and effective transfer of the Purchased Assets, do not require any consents of any Person or entity other than as specifically provided for in the Asset Purchase Agreement, and shall vest the Purchaser with all right, title, and interest of the Sellers in and to the Purchased Assets free and clear of all Interests of any kind or nature whatsoever.

**Releases and No Successor Liability**

22

17.     None of the Purchaser Parties is a "successor" to the Debtors or their estates by reason of any theory of law or equity, and, except as otherwise expressly provided in the Asset Purchase Agreement, none of the Purchaser Parties shall assume, or be deemed to assume, or in any way be responsible for any Liability or obligation of any of the Debtors and/or their estates with respect to the Purchased Assets or otherwise (other than, in the case of the Purchaser, the Assumed Liabilities), including, but not limited to, under any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability or responsibility for any claim against any Debtor or against an insider of any Debtor, or similar liability.  Neither the purchase of the Purchased Assets by the Purchaser nor the fact that the Purchaser is using any assets previously operated by the Debtors will cause any of the Purchaser Parties to be deemed a successor in any respect to the Debtors' businesses or, except solely for the Assumed Liabilities, incur any Liability derived therefrom of any kind or character, including, but not limited to, an Interest or Liability arising under: (a) any employment or labor agreements or the termination thereof; (b) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of or related to any of the Debtors or any of the Debtors' predecessors or any current or former employees of any of the foregoing, or the termination of any of the foregoing; (c) the Debtors' business operations or the cessation thereof; (d) any litigation involving one or more of the Debtors; (e) any claims of any former employees of any of the Debtors; and (f) any employee, workers' compensation, occupational disease or unemployment or temporary disability related law, including, without limitation, claims that might otherwise arise under or pursuant to: (i) the Employee Retirement Income Security Act of 1974, as amended; (ii) the Fair Labor Standards Act; (iii) Title VII of the Civil Rights Act of 1964; (iv) the Federal Rehabilitation Act of 1973; (v) the National Labor Relations

23

Act; (vi) the Worker Adjustment and Retraining Notification Act of 1988; (vii) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended; (viii) the Americans with Disabilities Act of 1990; (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985; (x) the Multiemployer Pension Plan Amendments Act of 1980; (xi) state and local discrimination laws; (xii) state and local unemployment compensation laws or any other similar state and local laws; (xiii) state workers' compensation laws; (xiv) any other state, local or federal employee benefit laws, regulations or rules or other state, local or federal laws, regulations or rules relating to wages, benefits, employment or termination of employment with any or all of the Debtors or any of the Debtors' predecessors; (xv) any antitrust laws; (xvi) any product liability or similar laws, whether state, federal or otherwise; (xvii) any environmental laws, rules, or regulations, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, or similar state statutes; (xviii) any bulk sales or similar laws; (xix) any federal, state or local tax statutes, regulations or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; or (xx) any common law doctrine of *de facto* merger or successor or transferee liability, successor-in-interest liability theory or any other theory of or related to successor liability, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, or liquidated or unliquidated with respect to any of the Debtors or any obligations of any of the Debtors arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to, the Purchased Assets (except as expressly set forth in the Asset Purchase Agreement with respect to Assumed Liabilities).

18.     The Purchaser and the Purchaser Parties will be providing substantial consideration under the Asset Purchase Agreement and the Transaction Documents, which consideration shall constitute valid and valuable consideration for the releases of any potential claims of successor liability against the Purchaser Parties and which shall be deemed to have been given in favor of the Purchaser Parties by all holders of Interests in or against the Debtors, or the Purchased Assets. Upon consummation of the Sale Transaction, none of the Purchaser Parties shall be deemed to (a) be the successor to any Debtor or any assets of any Debtor, (b) have, *de facto* or otherwise, merged with or into any Debtor or any Debtor's estate, (c) have a common identity with any Debtor, (d) have a continuity of enterprise with any Debtor or (e) be a mere continuation, alter ego or substantial continuation of any Debtor.

19.     The Purchaser shall not have any liability, responsibility or obligation for any Interests, claims, Liabilities or other obligations of the Debtors or their estates, including any Interests, claims, Liabilities or other obligations related to the Purchased Assets prior to Closing. Under no circumstances shall the Purchaser be deemed a successor of or to the Debtors for any Interests against, in or to the Debtors or the Purchased Assets.  For the purposes of this paragraph of this Order, all references to the Purchaser shall also be for the benefit of the Purchaser Parties.

### Transfer of Certain Claims and Causes of Action

20.     As used in this Order, "**Claims and Causes of Actions**" means, collectively, any and all claims, interests, obligations, rights, suits, damages, causes of action (including, with respect to any Debtor, any cause of action under chapter 5 of the Bankruptcy Code and similar causes of action under state or other applicable law), remedies, and liabilities whatsoever, including any derivative claims that a person or entity (or someone on its behalf) would have been legally entitled to assert, whether known or unknown, foreseen or unforeseen, existing or

hereinafter arising, in law, equity, or otherwise, that such person or entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of a holder of any claim against such person or entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the chapter 11 cases, the Sale Transaction, or any of the transactions contemplated by any of the Sale Transaction arising on or before the Closing Date.  Notwithstanding anything to the contrary in this Order or the Asset Purchase Agreement to the contrary, other than to the extent included in the Purchased Assets, the Debtors shall retain, and shall be deemed to have retained, any and all Claims and Causes of Action. Furthermore, notwithstanding anything in this Order or the Asset Purchase Agreement to the contrary except for the release provided to Seller and Purchaser in Sections 7.18(b) and 7.18(c) of the Purchaser Agreement, nothing in this Order shall release or be deemed to release the Purchaser or any Debtor from any claims, liabilities or obligations arising under or related to this Order, the Asset Purchase Agreement and the other Transaction Documents.

**Good Faith**

21.     The transactions contemplated by the Transaction Documents are undertaken by the Purchaser Parties without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein by this Order to consummate the Sale Transaction shall not alter, affect, limit, or otherwise impair the validity of the sale of the Purchased Assets to the Purchaser, including the transfer of the Purchased Assets. The Purchaser is a good faith purchaser of the Purchased Assets within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code. The Debtors and the Purchaser have acted, and will be acting, in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Order.

22.     As a good faith purchaser of the Purchased Assets, the Purchaser has not entered into an agreement with any other potential bidders at the Auction, and has not colluded with any of the other bidders, potential bidders or any other parties interested in the Purchased Assets, and, therefore, neither the Debtors nor any representative of or successor in interest to the Debtors' estates nor any other party in interest shall be entitled to bring any claim or cause of action against the Purchaser or the other Purchaser Parties, and the Sale Transaction may not be avoided, in each case, pursuant to section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Asset Purchase Agreement, any of the other Transaction Documents or the Sale Transaction.

**Additional Provisions**

23.     Commencing on the Closing Date, the Debtors and the Purchaser are authorized to take such actions as may be necessary or appropriate to obtain a release of any and all Interests in, on or against the Purchased Assets, if any, and to the extent contemplated hereby and by the Asset Purchase Agreement.  This Order (a) shall be effective as a determination that, as of the Closing Date, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been, and are, unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law or by reason of the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.  Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the other Transaction Documents.  The Purchaser and the Debtors shall take such further steps and execute such further documents, assignments, instruments and papers as shall be reasonably requested by the other to implement and effectuate the transactions contemplated in this paragraph.  All Interests of record as of the date of this Order shall be forthwith deemed removed and stricken as against the Purchased Assets.  All persons and entities described in this paragraph

28

are authorized and specifically directed to strike all such recorded Interests against the Purchased Assets from their records, official and otherwise.

24.     If any person or entity that has filed statements or other documents or agreements evidencing Interests in, on or against any of the Purchased Assets does not deliver to the Debtors or the Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all interests and other interests that the person or entity has or may assert with respect to any of the Purchased Assets in any required jurisdiction, the Debtors and/or the Purchaser are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to any of the Purchased Assets in any required jurisdiction. This Order constitutes authorization under all applicable jurisdictions and versions of the Uniform Commercial Code and other applicable law for the Purchaser to file UCC and other applicable termination statements with respect to all Interests in, on, or against the Purchased Assets.

25.     The Debtors will cooperate with the Purchaser and the Purchaser will cooperate with the Debtors, in each case to ensure that the transactions contemplated in the Asset Purchase Agreement and the other Transaction Documents are consummated, and the Debtors will make such modifications or supplements to any bill of sale or other document executed in connection with the Closing to facilitate such consummation as contemplated by the Transaction Documents.  Subject to further Court approval, the Debtors may enter into a transition services agreement with the Purchaser to facilitate the transactions contemplated by the Asset Purchase

Agreement.  All rights of all parties in interest, including the Official Committee of Unsecured Creditors, are reserved as to any such transition services agreement.

26.     The terms and provisions of the Transaction Documents and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors and their respective affiliates, successors and assigns, their estates, and their creditors and equityholders, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons or entities asserting Interests in, on or against the Purchased Assets, notwithstanding any subsequent appointment of any trustee(s) (including without limitation any plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in, these chapter 11 cases), examiner(s) or other fiduciary under any chapter of the Bankruptcy Code, as to which trustee(s) (including without limitation any plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in, these chapter 11 cases), examiner(s) or other fiduciary such terms and provisions likewise shall be binding.

27.     The failure specifically to include any particular provisions of the Asset Purchase Agreement or any other Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement and the other Transaction Documents be authorized and approved in their entirety.

28.     Following entry of this Order, the Transaction Documents may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.  To the extent that any provision of the Asset Purchase Agreement conflicts with or is, in any way, inconsistent with any provision of

this Order, this Order shall govern and control.  To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion, the terms of this Order shall govern.

29.     Neither the Purchaser Parties nor the Debtors shall have an obligation to close the Sale Transaction until all conditions precedent in the Asset Purchase Agreement to each of their respective obligations to close the Sale Transaction have been met, satisfied, or waived in accordance with the terms of the Asset Purchase Agreement.

30.     Nothing in this Order shall modify or waive any closing conditions or termination rights set forth in the Asset Purchase Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

31.     Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases, any order of this Court confirming such plans, any order dismissing any of these chapter 11 cases or any other order in these chapter 11 cases, including any order entered after any conversion of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, shall alter, conflict with, or derogate from, the provisions of the Asset Purchase Agreement or the terms of this Order.  To the extent of any such conflict or derogation, the terms of this Order, and the Asset Purchase Agreement shall govern.  The provisions of this Order, the Asset Purchase Agreement and the other Transaction Documents, and any actions taken pursuant hereto or thereto, shall survive entry of any order which may be entered confirming or consummating any chapter 11 plan of the Debtors, or which may be entered converting these chapter 11 cases from chapter 11 to chapter 7 of the Bankruptcy Code or dismissing these chapter 11 cases, and the terms and provisions of the Asset Purchase Agreement and the other Transaction Documents, as well as the rights and interests granted pursuant to this Order, the Asset Purchase Agreement and the other Transaction Documents, shall continue in these chapter 11 cases or any superseding cases and

shall be specifically performable and enforceable against and binding upon the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, all holders of claim(s) (whether known or unknown) against the Debtors, all holders of Interests (whether known or unknown) against, in or on all or any portion of the Purchased Assets, the Purchaser and their respective successors and permitted assigns, and any trustee, responsible officer or other fiduciary hereafter appointed or elected as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, including without limitation plan fiduciaries, plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in, these chapter 11 cases.

32.     Any and all valid and perfected Interests in the Purchased Assets arising prior to the Closing Date shall attach to any proceeds of the Sale Transaction immediately upon receipt of such proceeds by the Debtors in the order of priority, and with the same validity, force and effect which they may have against such Purchased Assets as of immediately prior to the Closing Date, subject to any rights, claims, and defenses of the Debtors, the Debtors' estates or any trustee for any Debtor, as applicable, may possess with respect thereto; provided, however, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Sale Transaction in addition to any limitations on the use of such proceeds pursuant to any provision of this Order.

33.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in this Sale Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative

32

expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Sale Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Sale Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Sale Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

34.     The provisions of this Order are nonseverable and mutually dependent.

35.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale Transaction.

36.     The Debtors and each other person or entity having duties or responsibilities under the Transaction Documents or this Order, and their respective agents, representatives, and attorneys, are authorized and empowered to carry out all of the provisions of the Asset Purchase Agreement and the other Transaction Documents, to issue, execute, deliver, file and record, as appropriate, the Asset Purchase Agreement, the other Transaction Documents and any related agreements, and to take any action contemplated by the Asset Purchase Agreement, the other Transaction Documents or this Order, and to issue, execute, deliver, file and record, as appropriate, such other certificates, documents, contracts, instruments, releases, deeds, bills of sale, assignments, or other agreements, and to perform such other acts as are consistent with, and

necessary, desirable or appropriate to, implement, effectuate and consummate the Transaction Documents and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court.  Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by applicable business corporation, trust and other laws of applicable governmental units with respect to the implementation and consummation of the Asset Purchase Agreement, the other Transaction Documents and this Order and the transactions contemplated thereby and hereby.  The transfer of the Purchased Assets to the Purchaser pursuant to the Transaction Documents do not require any consents other than specifically provided for in the Asset Purchase Agreement or as provided for herein.

37.     Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in such rules is hereby expressly waived and shall not apply.  Accordingly, the Debtors are authorized and empowered to close the Sale Transaction immediately upon, and following, entry of this Order.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing or risk its appeal will be foreclosed as moot.

38.     This Court shall retain exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the Asset Purchase Agreement and the other Transaction Documents, and all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connections therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Purchaser free and

clear of all Interests, or compel the performance of other obligations owed by the Debtors, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtors, (c) resolve any disputes arising under or related to the Asset Purchase Agreement, or any of the other Transaction Documents except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, and (e) protect the Purchaser and Purchaser Parties against (i) claims made related to any of the Excluded Liabilities, (ii) any claims of successor or vicarious liability related to the Purchased Assets, or (iii) any Interests (other than Assumed Liabilities) asserted in, on, or against the Debtors or the Purchased Assets, of any kind or nature whatsoever.

39.     To the extent the Debtors or any trustee(s), receiver(s), responsible officer(s) or other fiduciary appointed or elected, in these chapter 11 cases or any successor cases, receive, hold, or otherwise come into possession after the Closing of any payment or asset that constitutes Purchased Assets, such payment or asset shall be held in trust for the benefit of the Purchaser and the Debtors or any such trustee(s), receiver(s), responsible officer(s) or other fiduciary shall promptly deliver or otherwise turn over such payment or asset to the Purchaser.

40.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Houston, Texas
Dated: _____, 2023

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Asset Purchase Agreement**

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 8/10/2023 3:01:21 PM | |
|---|---|
| **Style name:** 2_WC_StandardSet | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Project Surge - Augmedics Sale Order.DOCX | |
| **Modified filename:** Project Surge - Augmedics Sale Order.docx | |
| **Changes:** | |
| Add | 1 |
| Delete | 0 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 1 |