**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) ) ) | Case No. 23-90731 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

> **This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was served on you. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this motion was served on you. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 26, 2023, at 1:00 p.m. (prevailing Central Time) in Courtroom 401, United States Bankruptcy Court, 515 Rusk, 4th Floor, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

> **Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

> **This Objection seeks to disallow certain proofs of claim.  Claimants receiving this Objection should locate their names and claims on <u>Schedule 1</u> to the proposed Order attached to this Objection.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases state as follows in support of this omnibus objection (this "**Objection**") to the claims listed on <u>Schedule 1</u> to the attached proposed order (collectively, the "**Disputed Claims**"). In support of this Objection, the Debtors submit the *Declaration of Christopher Thunander in Support of the Debtors' First Omnibus Objection to Claims (No Liability Claims)* (the "**Thunander Declaration**") attached hereto as <u>Exhibit A</u>.

### Preliminary Statement

1. The Debtors, by and through their undersigned counsel, file this Objection to each of the Disputed Claims filed against the Debtors and listed on <u>Schedule 1</u> to the proposed order attached hereto (the "**Order**") and seek entry of the Order disallowing each of the Disputed Claims.

### Jurisdiction, Venue, and Predicates for Relief

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**Procedural Background**

5. On June 19, 2023 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On June 29, 2023, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 121]. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in the *Declaration of Paul Rundell, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 23].

7. On June 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests and (IV) Approving Notice of Bar Dates* [Docket No. 130] (the "**Bar Date Order**"), (i) requiring any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than a governmental unit, to file a proof of claim based on prepetition claims against the Debtors, including a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code, on or prior to August 16, 2023 at 5:00 p.m. (prevailing Central Time), and (ii) establishing December 19, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline by which any

3

governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) is required to file a proof of claims based on prepetition claims against the Debtors. The Debtors caused notice of the bar dates to be provided in accordance with the procedures outlined in the Bar Date Order. [Docket No. 220].

8. On July 17, 2023, the Debtors filed their respective schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements**").

9. On August 31, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Administrative Claims, (II) Approving the Form and Manner of Filing Proofs of Administrative Claims, (III) Approving Notice of the Administrative Claims Bar Dates, and (IV) Granting Related Relief* [Docket No. 404], which established (a) September 26, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for filing proofs of administrative claim for any administrative claim arising on or prior to August 29, 2023 and (b) 5:00 p.m. (prevailing Central Time) on the date that is thirty days after the effective date of the Debtors' chapter 11 plan as the deadline for filing proofs of administrative claim for any administrative claim arising after August 29, 2023.

10. On August 31, 2023, the Court entered the *Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims* [Docket No. 403] (the "**Omnibus Claims Objection Procedures Order**"). This Objection is filed in accordance with the Omnibus Claims Objections Procedures Order and the omnibus claims objection procedures set forth therein (the "**Objection Procedures**").

11. On August 31, 2023, the Court entered the *Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Form of Ballot and Notices, (IV) Approving Certain Dates and Deadlines in*

4

*Connection with Solicitation and Confirmation of the Plan and (V) Scheduling a Combined Hearing on (A) Final Approval of the Disclosure Statement and (B) Confirmation of the Plan* [Docket No. 406] (the "**Conditional Disclosure Statement Order**"). Pursuant to the Conditional Disclosure Statement Order, the Debtors commenced solicitation of the *Combined Disclosure Statement and Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 431] (as may be amended, supplemented, or modified from time to time, the **"Plan"**).

## Claims Resolution Process

12. The Debtors each maintained, in the ordinary course of their business, books and records, including the software suite known as Systems Applications and Products and more commonly referred to as SAP (collectively, the "**Books and Records**"), that reflect, among other thing, the Debtors' liabilities and the amounts owed to their creditors.

13. The Debtors' register of claims (the "**Claims Register**") reflects that, to date, approximately 197 proofs of claim (collectively, the "**Proofs of Claim**") have been filed in these chapter 11 cases asserting claims against the Debtors. The Debtors and their advisors have been comprehensively reviewing and reconciling all claims filed in these chapter 11 cases, as well as comparing the Proofs of Claim to the Schedules and Statements and Books and Records to determine the validity of the asserted claims. This reconciliation process includes identifying categories of claims that may be, among other things, disallowed and expunged, reduced and allowed, or reclassified.

14. As part of their ongoing review, the Debtors have reviewed the Disputed Claims listed on Schedule 1 to the attached Order and have concluded that each such claim is appropriately objected to on the basis set forth below.[2]

**Relief Requested**

15. By this Objection, the Debtors seek entry of the Order (a) disallowing each Disputed Claim listed on Schedule 1 to the Order in their entirety because the Debtors do not believe they are liable for the Disputed Claims and (b) granting such other and further relief as the Court deems just and proper.

**Objection**

16. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Section 502(b)(1) provides that a court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor . . . ." *See* 11 U.S.C. § 502(b)(1). Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Fed. R. Bankr. P. 3007(d). The Objection Procedures provide that the Debtors may file omnibus objections to claims on the grounds that, *inter alia*, the claims "seek recovery of amounts for which the Debtors are not liable." *See* Objection Procedures ¶ 1.b.

17. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of prima facie validity under

---

[2] The Debtors reserve the right to amend, modify, or supplement this Objection, and to file additional objections regarding the Disputed Claims on any basis after further investigation.

6

Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

### No Liability Claims

18. As set forth in the Thunander Declaration, the Debtors have reviewed the Disputed Claims identified on Schedule 1 to the Order, their Schedules and Statements, and their Books and Records and do not believe that the Disputed Claims are liabilities of the Debtors. The specific no liability bases are set forth on Schedule 1 to the Order.

19. Generally, the Debtors are not liable for the Disputed Claims because the Debtors believe that the asserted liabilities were never a liability belonging to the Debtors. Specifically, the invoices attached in support of the Disputed Claims filed by P.F. Markey, Inc. show accounts receivables that were invoiced between May 30, 2023 and August 4, 2023 and show the customer name as "RESOLVE SURGICAL TECHNOLOGIES (DBA)." Resolve Surgical Technologies is not a Debtor in these chapter 11 cases and, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, including the Debtors' accounts payable aging report and payment history, the Debtors do not have any records of the claimant being a counterparty of any of the Debtors or of the Debtors otherwise being liable to said claimant.

20. Further, the Disputed Claim of the Tennessee Department of Revenue was filed as an estimated franchise tax claim for the year of 2022. However, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, the Debtors do not have any

records of the Debtors owing subject taxes, and the claimant attaches no documentation in support of its claim allowing the Debtors to determine the bases for the asserted estimated tax claim.

21. Finally, with respect to the Disputed Claims of HCL America, Inc., which were filed as unliquidated contractual claims, the Debtors do not have any records of the claimant being a counterparty to any of the Debtors' contracts; rather, while the Debtors were considering contracting with the claimant, no agreement was ever executed, and the Debtors' Books and Records show no payments ever made to this claimant.

22. Failure to disallow the Disputed Claims could result in the relevant claimants receiving an unwarranted recovery under the Plan to the detriment of other similarly situated creditors. Elimination of these Disputed Claims will enable the Debtors to maintain a more accurate Claims Register and will not prejudice the claimants.

23. The Debtors request that the Court enter the Order disallowing the Disputed Claims identified on Schedule 1 to the Order.

**Reservation of Rights**

24. By this Objection, the Debtors object to the Disputed Claims solely for the reasons identified herein. Regardless of whether one or more of the bases for objection stated herein is overruled, or otherwise not sustained, the Debtors reserve the right to amend, modify, or supplement this Objection, and to file additional objections regarding the Disputed Claims on any basis after further investigation. *See* Omnibus Claims Objections Procedures Order ¶ 7. Further, the Debtors reserve their rights to object to any proof of claim, including any Disputed Claim listed on Schedule 1 to the Order, on any grounds whatsoever at a later date, including, among other things, based on amount, priority, classification, or otherwise.

25. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other

applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

### Separate Contested Matter

26. To the extent that a response is filed regarding any Disputed Claim and the Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court regarding an objection be deemed a separate order with respect to each proof of claim.

### Notice

27. The Debtors will provide notice of this Objection to: (a) the United States Trustee for the Southern District of Texas; (b) Pachulski Stang Ziehl & Jones LLP, as counsel to the Committee; (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the claimants listed on Schedule 1 to the Order; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 and

Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

28. The Debtors request that the Court enter the Order granting the relief requested in this Objection and such other and further relief as the Court deems appropriate under the circumstances.

Houston, Texas
September 10, 2023

*/s/ Veronica A. Polnick*

| | |
|---|---|
| **JACKSON WALKER LLP** | **WHITE & CASE LLP** |
| Veronica A. Polnick (TX Bar No. 24079148) | Gregory F. Pesce (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Laura E. Baccash (admitted *pro hac vice*) |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | 111 South Wacker Drive, Suite 5100 |
| 1401 McKinney Street, Suite 1900 | Chicago, Illinois 60606 |
| Houston, Texas 77010 | Telephone: (312) 881-5400 |
| Telephone: (713) 752-4200 | Email: gregory.pesce@whitecase.com |
| Email: vpolnick@jw.com | laura.baccash@whitecase.com |
| mstull@jw.com | |
| mcavenaugh@jw.com | Charles Koster (TX Bar No. 24128278) |
| | 609 Main Street, Suite 2900 |
| *Co-Counsel to the Debtors and* | Houston, Texas 77002 |
| *Debtors in Possession* | Telephone: (713) 496-9700 |
| | Email: charles.koster@whitecase.com |
| | |
| | Barrett Lingle (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 819-8200 |
| | Email: barrett.lingle@whitecase.com |
| | |
| | *Counsel to the Debtors and* |
| | *Debtors in Possession* |

**Certificate of Service**

      I certify that on September 10, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                /s/ *Veronica A. Polnick*
                                                Veronica A. Polnick

**<u>Exhibit A</u>**

**Thunander Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) Case No. 23-90731 (CML) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF CHRIS THUNANDER IN SUPPORT OF THE
DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

I, Christopher Thunander, hereby declare under penalty of perjury:

1. I am the Chief Accounting Officer for the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases. As the Chief Accounting Officer, I am responsible for the overall financial and accounting strategy at the Debtors, overseeing all accounting functions, guiding the controller, treasury, tax, and internal audit functions of the Debtors.

2. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and Books and Records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I have read the *Debtors' First Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**"), filed contemporaneously herewith.[2]

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Debtors' management, employees, and advisors, and my review of relevant documents and information maintained by the Debtors, including the Debtors' Schedules and Statements and the Debtors' Books and Records. To the best of my knowledge, information, and belief, the assertions made in the Objection and on Schedule 1 to the Order are accurate.

4. In evaluating the Disputed Claims, I, or someone under my supervision, and the Debtors and their advisors have reviewed the Debtors' Schedules and Statements and Books and Records, including the Debtors' accounts payable aging report and payment history, the relevant Proofs of Claim, and the supporting documentation provided by each claimant (if any), and the software suite known as Systems Applications and Products and more commonly referred to as SAP, and have determined that each Disputed Claim should be disallowed as set forth on Schedule 1 to the Order. I believe that the disallowance of the Disputed Claims on the terms set forth in the Objection is appropriate.

**No Liability Claims**

5. To the best of my knowledge, information, and belief, the Debtors have reviewed the Disputed Claims identified on Schedule 1 to the Order, their Schedules and Statements, and their Books and Records and do not believe that the Disputed Claims are liabilities of the Debtors.

6. The Disputed Claims assert liabilities which were never a liability of the Debtors. Specifically, the invoices attached in support of the Disputed Claims filed by P.F. Markey, Inc. show accounts receivables that were invoiced between May 30, 2023 and August 4, 2023 and show the customer name as "RESOLVE SURGICAL TECHNOLOGIES (DBA)." Resolve Surgical Technologies is not a Debtor in these chapter 11 cases and, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, including the Debtors' accounts

2

payable aging report and payment history, the Debtors do not have any records of the claimant being a counterparty of any of the Debtors or of the Debtors otherwise being liable to said claimant.

7. Further, the Disputed Claim of the Tennessee Department of Revenue was filed as an estimated franchise tax claim for the year of 2022. However, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, the Debtors do not have any records of the Debtors owing subject taxes, and the claimant attaches no documentation in support of its claim allowing the Debtors to determine the bases for the asserted estimated tax claim.

8. Finally, with respect to the Disputed Claims of HCL America, Inc., which were filed as unliquidated contractual claims, the Debtors do not have any records of the claimant being a counterparty to any of the Debtors' contracts; rather, while the Debtors were considering contracting with the claimant, no agreement was ever executed, and the Debtors' Books and Records show no payments ever made to this claimant.

9. Specific facts with respect to each Disputed Claim are set forth more fully on Schedule 1 to the Order.

10. I believe that the disallowance of the Disputed Claims is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief.

Dated: September 10, 2023
      Houston, Texas

/s/ *Christopher Thunander*
Christopher Thunander
Chief Accounting Officer of the Debtors