IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90731 |
| | § | |
| Surgalign Holdings, Inc., *et al,* [1] | § | (Chapter 11) |
| | § | |
| Debtor. | § | Judge Christopher M. Lopez |

**CLAIMANTS' RESPONSE TO DEBTOR'S SECOND OMNIBUS OBJECTION TO CLAIMS (MILESTONE CLAIMS)**
**(Relates to Docket No. 447)**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

DEARBORN CAPITAL MANAGEMENT, LLC, NEVA, LLC, KRZYSZTOF SIEMIONOW, and PAWEL (PAUL) LEWICKI (collectively, "Claimants") file this *Response to Debtor's Second Omnibus Objection to Claims (Milestone Claims)* (the "Objection") and show:

**RESPONSE**

1. Claimants deny the averments of Paragraph 1 of the Objection.

2. Claimants admit the averments of Paragraphs 2 and 3 of the Objection.

3. Paragraph 4 of the Objection is a statement of statutory authority and requires neither admission nor denial.

4. Claimants admit the averments of Paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 of the Objection.

5. Claimants can neither admit nor deny the averments of Paragraph 13 of the Objection. To the extent a response is required, denied.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are Surgalign Holdings, Inc. (0607), Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); HoloSurgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the Debtor's service address in these Chapter 11 cases is 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

1

6. Claimants can neither admit nor deny the averments of Paragraphs 13, 14, and 15 of the Objection. To the extent a response is required, denied.

7. Claimants admit the averments of Paragraphs 16, 17, 18, 19, 20, and 21 of the Objection.

8. Paragraph 22 of the Objection is a statement of the law concerning claims and objections to claims in bankruptcy in general and requires neither an admission nor denial.

9. Claimants deny the averments of Paragraph 23 of the Objection.

10. Claimants admit the averments of Paragraphs 24 of the Objection.

11. Claimants deny the averments of Paragraphs 25 and 26 of the Objection.

12. Claimants admit the averments of Paragraph 27 of the Objection.

13. Claimants deny the averments of Paragraphs 28 of the Objection.

14. Paragraph 29 of the Objection is a non sequitur. The purchase and sale of the INN stock as described in the Objection was <u>not</u> the purchase or sale of a security of the Debtor or an affiliate of the Debtor, is not the basis of the liability asserted in Claimants proofs of claim, and thus not subject to subordination. Indeed, the liabilities asserted in the Claimants' objected-to proofs of claim arise from the sale of stock of a then-unrelated party-INN-<u>TO</u> the Debtors. At the time of the initial purchase, INN was not (and could not have been) an affiliate or subsidiary of the Debtor. It was wholly owned by Claimants. Debtors attempt to lump this sale into those types of sales or purchases subject to subordination under 11 USC § 510(b) is inapposite to the actual facts of the transaction. The averments of Paragraph 29 of the Objection are therefore denied.

15. Paragraph 30 of the Objection is a statement of the law in the Fifth Circuit and requires neither admission nor denial.

16. Claimants restate and re-urge their responses set forth in Paragraph 14., above to the averments of Paragraph 31 of the Objection. In Paragraph 31, Debtor states that the INN stock is "a security of an affiliate of the Debtor." Under the facts of this case, at the time of the transaction giving rise to liability, and as the causality of the liability to Claimants, this is incorrect. 11 USC § 101(2)(A) and (B) state that:

> The term "affiliate" means— (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote."

At the time of the initial sale purchase and sale of the 42% of INN stock to Debtor, INN was not, and could not have been, an affiliate of the Debtor. INN at that time was owned by the Claimants, and only upon the closing of the sale of the INN stock to the Debtor from the Claimants could INN meet the Bankruptcy Code definition of an Affiliate. Debtor "puts the cart before the horse" in making its subordination argument. The liabilities set forth in the Claimants' proofs of claim arose from the sale of stock or securities of an affiliate of the *Claimants,* not the Debtor. The liability for the Milestone Payments (as defined in the Objection) only accrued upon the sale and purchase of stock owned by the Claimants, not the Debtor. The liability that would arise under completion of each of the "milestones" would cause the Claimants to transfer more of their own stock to Debtor, not stock or securities owned by the Debtor. Neither the Debtor nor its "affiliate" was purchasing or selling stock or

3104717

securities of the Debtor or its affiliates on each of the "milestones." It (the Debtor) was purchasing more stock owned by the Claimants. Debtor has its subordination argument backwards. As such, the averments of Paragraph 31 of the Objection are denied.

17. Claimants restate and re-urge their responses set forth in Paragraphs 14. And 16., above to the averments of Paragraphs 32, 33, and 34 of the Objection. As such, the averments of Paragraphs 32, 33, and 34 of the Objection are denied.

18. The averments of Paragraphs 35, 36, 37, and 38 of the Objection (misnumbered as Paragraphs 30, 31, 32, and 33 in the Objection) do not require an admission or denial. If a response is required, they are denied.

19. Claimants deny the averments of Paragraph 39 of the Objection (misnumbered as Paragraph 34 in the Objection).

20. To the extent necessary, Claimants plead the affirmative defenses of estoppel, fraud, and waiver.

21. Claimants reserve the right to amend, supplement, or re-plead this Response as may be necessary or required.

WHEREFORE, Claimants pray that the Objection be overruled in its entirety, that all of their proofs of claims be allowed in full, and for such other relief as is just.

DATED: October 9, 2023

Respectfully submitted,

 */s/ Wayne Kitchens*
Wayne Kitchens           TBN: 11541110
wkitchens@hwa.com
Heather Heath McIntyre   TBN: 24041076
hmcintyre@hwa.com
Hughes Watters Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas  77002
Telephone:    (713) 759-0818
Facsimile:    (713) 759-6834

**COUNSEL FOR CLAIMANTS**

3104717

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of *Claimant's Response to Debtor's Second Omnibus Objection to Claims (Milestone Claims)* has been served to pall parties of record who receive notice electronically via the U.S. Bankruptcy Court's CM/ECF System and to all parties listed below by U.S. Mail, first class, postage prepaid on this the 9th day of October, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Wayne Kitchens
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Wayne Kitchens

**DEBTOR'S COUNSEL:**

Jackson Walker, LLP
c/o Veronica Ann Polnick, Attorney
J. Machir Stull, Attorney
Matthew D. Cavenaugh, Attorney
1401 McKinney Street, Suite 1900
Houston, Texas  77010

White and Case, LLP
c/o Gregory F. Pesce, Attorney
Laura E. Baccash, Attorney
111 South Wacker Drive, Suite 5100
Chicago, Illinois  60606

Charles Koster, Attorney
609 Main Street, Suite 2900
Houston, Texas  77002

Barrett Lingle, Attorney
1221 Avenue of the Americas
New York, New York  10020

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

Paculski Stang Ziehl & Jones, LLP
c/o Michael D. Warner, Attorney
440 Louisiana Street, Suite 900
Houston, Texas  77002

Colin R. Robinson, Attorney
919 North Market Street, 17th Floor
Wilmington, Delaware  19801

3104717