# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*[1] | ) Case No. 23-90731 (CML) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No.** ~~___~~ **446** |

## ORDER SUSTAINING THE DEBTORS' FIRST
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the objection (the "**Objection**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Bankruptcy Local Rule 3007-1, (a) disallowing each Disputed Claim listed on ~~Schedule~~Schedules 1 and 2 to the Order in its entirety because the Debtors do not believe they are liable for the Disputed Claims and (b) granting such other and further relief as the Court deems just and proper; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Objection having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized but undefined terms herein shall have the same meaning ascribed to them in the Objection.

provided; and ~~a hearing having been held to consider the relief requested in the Objection (the "**Hearing**"); and upon consideration of all responses to the Objection, if any, and such responses having been either overruled or withdrawn; and upon consideration of the record of the Hearing and all of the proceedings had before this Court; and~~ this Court having found and determined that the legal and factual bases set forth in the Objection ~~and at the Hearing~~ establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.   Each Disputed Claim identified on <u>Schedule 1</u> attached to this Order is disallowed and expunged in its entirety.

2.   A hearing on the Disputed Claim identified on Schedule 2 attached to this Order shall be set in accordance with the *Agreed Order Abating the Debtors' First Omnibus Objection with Respect to Claim Number 3*.

~~2.~~3.   The Debtors' Claims and Noticing Agent is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the relief granted in this Order.

~~3.~~4.   Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable.

~~4.~~5.   To the extent a response is filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Disputed Claim.

~~5.~~6.   Except for the relief granted herein, nothing in the Objection or this Order, or any action taken pursuant thereto, nor any payment made pursuant to the authority granted thereby, shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a

Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

7.8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Disallowed Disputed Claims**

~~Surgalign Holdings, Inc., *et al.*, Case No. 23-90731 (CML) (Jointly Administered)~~
~~Schedule 1 – No Liability Claims~~

| # | Name and Address of Claimant | Date Claim Filed | Claim No. | Debtor Name | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 1 | HCL America, Inc. 2600 Great America Way Suite 101 & Suite 401 Attn: Saloni Shah, Esq Santa Clara, CA 95054 | 8/16/2023 | 177 | Surgalign Holdings, Inc. | Unliquidated | The Debtors do not have any records of the claimant being a counterparty to any of the Debtors' contracts; rather, while the Debtors were considering contracting with the claimant, no agreement was ever executed, and the Debtors' Books and Records, including SAP, show no relationship with this claimant. |
| 2 | HCL America, Inc. 2600 Great America Way Suite 101 & Suite 401 Attn: Saloni Shah, Esq Santa Clara, CA 95054 | 8/16/2023 | 180 | Pioneer Surgical Technology NewCo Inc. | Unliquidated | The Debtors do not have any records of the claimant being a counterparty to any of the Debtors' contracts; rather, while the Debtors were considering contracting with the claimant, no agreement was ever executed, and the Debtors' Books and Records, including SAP, show no relationship with this claimant. |
| 3 | P.F. Markey, Inc. c/o Susan M. Cook Warner Norcross + Judd LLP 715 E. Main Street, Suite 110 Midland, MI 48640 | 8/15/2023 | 140 | Surgalign Holdings, Inc. | 503(b)(9) Admin. Priority Claim: $267,699.10 GUC: $611,231.08 **Total**: $878,930.18 | The invoices attached in support of the claim show accounts receivables that were invoiced between May 30, 2023 and August 4, 2023 and show the customer name as "RESOLVE SURGICAL TECHNOLOGIES (DBA)." Resolve Surgical Technologies is not a Debtor in these chapter 11 cases and, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, including SAP and particularly, the Debtors' accounts payable aging report and payment history, the Debtors do not have any records of the claimant being a counterparty of any of the Debtors or of the Debtors otherwise being liable to said claimant. |

Surgalign Holdings, Inc., *et al.*, Case No. 23-90731 (CML) (Jointly Administered)
Schedule 1 – No Liability Claims

| # | Name and Address of Claimant | Date Claim Filed | Claim No. | Debtor Name | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 4 | P.F. Markey, Inc. c/o Susan M. Cook Warner Norcross + Judd LLP 715 E. Main Street, Suite 110 Midland, MI 48640 | 8/15/2023 | 141 | Pioneer Surgical Technology NewCo Inc. | 503(b)(9) Admin. Priority Claim: $267,699.10 GUC: $611,231.08 **Total**: $878,930.18 | The invoices attached in support of the claim show accounts receivables that were invoiced between May 30, 2023 and August 4, 2023 and show the customer name as "RESOLVE SURGICAL TECHNOLOGIES (DBA)." Resolve Surgical Technologies is not a Debtor in these chapter 11 cases and, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, including SAP and particularly, the Debtors' accounts payable aging report and payment history, the Debtors do not have any records of the claimant being a counterparty of any of the Debtors or of the Debtors otherwise being liable to said claimant. |

~~Surgalign Holdings, Inc., *et al.*, Case No. 23-90731 (CML) (Jointly Administered)~~
~~Schedule 1 – No Liability Claims~~

**Schedule 2**

**Continued Claims**

~~Surgalign Holdings, Inc., *et al.*, Case No. 23-90731 (CML) (Jointly Administered)~~
~~Schedule 1 – No Liability Claims~~

| **Name and Address of Claimant** | **Date Claim Filed** | **Claim No.** | **Debtor Name** | **Claim Amount** | |
|---|---|---|---|---|---|
| ~~5~~ | Tennessee Department of Revenue | 6/29/2023 | 3 | Pioneer Surgical Technology NewCo Inc. | Priority Claim: $15,236.78<br>GUC: $2,313.88<br>**Total**: $17,550.66 | ~~The claim was filed as an estimated franchise tax claim for the year of 2022. However, based on the Debtors' reasonable review of their Schedules and Statements and Books and Records, including SAP, the Debtors do not have any records of the Debtors owing subject taxes, and the claimant attaches no documentation in support of its claim allowing the Debtors to determine the bases for the asserted~~ |

~~Surgalign Holdings, Inc., *et al.*, Case No. 23-90731 (CML) (Jointly Administered)~~
~~Schedule 1 – No Liability Claims~~

| ~~Name and Address of Claimant~~ | ~~Date Claim Filed~~ | ~~Claim No.~~ | ~~Debtor Name~~ | ~~Claim Amount~~ | |
|---|---|---|---|---|---|
| | | | | | ~~estimated tax claim.~~ |