United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 26, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-90731 (CML) |
| Debtors. | ) (Jointly Administered) |

## STIPULATION AND AGREED ORDER BY AND BETWEEN
## THE PLAN ADMINISTRATOR AND XTANT MEDICAL HOLDINGS, INC.

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Steven Balasiano, as the Plan Administrator (the "Plan Administrator") on behalf of Surgalign Holdings, Inc. and its affiliated debtors in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors," and after the Effective Date (as defined herein), the "Wind-Down Debtors"), and Xtant Medical Holdings, Inc. ("Xtant," and, together with the Plan Administrator and the Wind-Down Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on June 19, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC); Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

Houston Division (the "Court");

WHEREAS, on August 9, 2023, the Court entered the *Order (I) Authorizing and Approving the Sale of Certain of the Debtors' Assets Related to Debtors' Global Hardware Business to Xtant Medical Holdings, Inc. Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; (III) Authorizing the Sale Transaction; and (IV) Granting Related Relief* [Docket No. 329] (the "Sale Order");

WHEREAS, the Sale Order authorized the Parties to enter into a certain Asset Purchase Agreement dated as of June 18, 2023 by and between Surgalign Holdings, Inc. and Xtant (the "APA");

WHEREAS, § 5.9(b) of the APA (the "Wrong-Pocket Provision") provides:

> Seller, on the one hand, and Purchaser, on the other hand, each agree that, after the Closing, each will, to the extent permitted by applicable Law, hold in trust for the other's benefit and accounts and will promptly transfer and deliver to the other, from time to time as and when received by such party or its Affiliates, any cash, checks with appropriate endorsements, payment of an account, trade, note receivable or other payment or other property or assets that such party or its Affiliates may receive on or after the Closing which properly belongs to such other party or their respective Affiliates pursuant to the terms of this Agreement. For the avoidance of doubt, except as otherwise provided in this Agreement, following the Closing, (i) if any payments due with respect to the Business are paid to Seller, Seller shall promptly remit by wire or draft such payment to an account designated in writing by Purchaser and (ii) if any payments due with respect to the Retained Business are paid to Purchaser or its Affiliates, Purchaser shall transfer, or cause its Affiliates to, promptly remit by wire or draft such payment to an account designated in writing by Seller.

WHEREAS, on August 10, 2023 (the "Closing Date"), the Parties closed the transactions agreed to in the APA;

WHEREAS, on August 23, 2023, the Debtors filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 391] (as modified by the *Combined Disclosure Statement and Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 477], the "Plan");

WHEREAS, on September 27, 2023, the Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors, and (III) Granting Related Relief* [Docket No. 485] (the "Confirmation Order"), confirming the Plan;

WHEREAS, the Plan became effective on October 2, 2023 (the "Effective Date");

WHEREAS, pursuant to the Plan and Confirmation Order, on the Effective Date, the Plan Administrator was appointed;

WHEREAS, after the Closing Date, each Party received payments (the "Wrong-Pocket Payments") belonging to the other Party as described in the Wrong-Pocket Provision;

WHEREAS, from time to time, after the Closing Date, the Parties reconciled certain, but not all, Wrong-Pocket Payments pursuant to the Wrong-Pocket Provision;

WHEREAS, as of the date hereof, pursuant to the Wrong-Pocket Provision, the Wind-Down Debtors are holding in trust for Xtant's benefit $331,678.50 (the "Xtant Trust Fund Amount") of Wrong-Pocket Payments received between the Closing Date and October 31, 2024 (the "Stipulation Period") that have not been reconciled and turned over to Xtant;

WHEREAS, during the Stipulation Period, in addition to the Xtant Trust Fund Amount, the Wind-Down Debtors received $264,581.50 (the "Additional Xtant Wrong-Pocket Amount") of Wrong-Pocket Payments that that have not been reconciled and turned over to Xtant because such funds are no longer in the Wind-Down Debtors' possession or control;

WHEREAS, Xtant believes, and the Plan Administrator disputes, that the Wind-Down Debtors received, in addition to the Xtant Trust Fund Amount and the Additional Xtant Wrong-Pocket Amount, $76,302.89 (the "Disputed Amount") belonging to Xtant that have not been reconciled and turned over to Xtant;

WHEREAS, during the Stipulation Period, Xtant received $96,997.04 (the "Surgalign Wrong-Pocket Amount," and together with the Xtant Trust Fund Amount, the Additional Xtant Wrong-Pocket Amount, and the Disputed Amount, the "Unreconciled Wrong-Pocket Payments") belonging to the Wind-Down Debtors that have not been reconciled and turned over to the Wind-Down Debtors; and

WHEREAS, subject to the terms and conditions set forth below, to resolve the Unreconciled Wrong-Pocket Payments and any other Wrong-Pocket Payments that were received by either of the Parties during the Stipulation Period, the Parties have agreed that: (i) the Plan Administrator will turn over to Xtant the Xtant Trust Fund Amount within three (3) business days of executing this Stipulation; (ii) subject to the Bankruptcy Court's approval of this Stipulation, Xtant will have an allowed administrative expense claim in the amount of $167,584.46, which is the Additional Xtant Wrong-Pocket Amount less the Surgalign Wrong-Pocket Amount; (iii) Xtant will waive any claim it has or may have to the Disputed Amount; and (iv) the Parties will hereafter cooperate in good faith to reconcile and turn over any Wrong-Pocket Payments received after the Stipulation Period on a monthly basis or such other time period agreed to in writing by the Parties.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND, WHERE REQUIRED, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. In full and final satisfaction of the Unreconciled Wrong-Pocket Payments and any and all other Wrong-Pocket Payments received by the Parties during the Stipulation Period:

   a. within three (3) business days of the Parties' execution of this Stipulation, the Plan Administrator shall turn over to Xtant THREE HUNDRED THIRTY-ONE THOUSAND SIX HUNDRED SEVENTY-EIGHT AND 50/100 DOLLARS ($331,678.50) by wire transfer pursuant to instructions provided by Xtant's counsel;

   b. Xtant shall have an allowed claim for administrative expenses under § 503(b) of the Bankruptcy Code in the amount of ONE HUNDRED SIXTY-SEVEN THOUSAND FIVE HUNDRED EIGHTY-FOUR AND 46/100 DOLLARS ($167,584.46) (the "Allowed Administrative Claim"), which shall be paid with all other allowed administrative claims; and

   c. Xtant hereby waives, relinquishes and releases any right, claim, or interest it has or may have to the Disputed Amount.

2. The Parties are authorized and agree to take all actions necessary to effectuate the terms of this Stipulation.

3. The Parties shall cooperate in good faith to reconcile and turn over any Wrong-Pocket Payments received after the Stipulation Period on a monthly basis or such other time period agreed to in writing by the Parties.

4. Upon the execution of this Stipulation, and except for (i) the obligations arising hereunder including, without limitation, the parties' respective rights to payment and Xtant's

Allowed Administrative Claim, and (ii) any obligations arising after the Stipulation Period, each Party shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted, and discharged the other Party from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that each Party has, has had, may have, or may claim to have against the other Party related to the Unreconciled Wrong-Pocket Payments and any and all other Wrong-Pocket Payments received by the Parties during the Stipulation Period.

5. Other than as expressly set forth in this Stipulation, nothing in this Stipulation shall constitute or be deemed (i) a waiver or limitation of the Parties' rights under the APA or the Sale Order or (ii) a waiver or limitation of the Parties' rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

6. Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary (i) to obtain approval of and to enforce this Stipulation or (ii) to seek damages or injunctive relief in connection therewith.

7. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings

relating to the subject matter hereof.

9.  The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. Notwithstanding the possible applicability of Fed R. Bankr. P. 6004 and 9014, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

12. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**IT IS SO ORDERED.**

Signed: March 26, 2025

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 25th DAY OF MARCH, 2025**

*/s/ Benjamin L. Wallen*
Michael D. Warner (SBT 00792304)
Benjamin L. Wallen (SBT 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
bwallen@pszjlaw.com

-and-

Bradford J. Sandler (admitted pro hac vice)
Robert J. Feinstein (admitted pro hac vice)
Cia H. Mackle (admitted pro hac vice)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the Plan Administrator*

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq.
(Tex. Bar No. 14277200)
FOX ROTHSCHILD LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
E-mail: tmonsour@foxrothschild.com

*Counsel to Xtant Medical Holdings, Inc.*