**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SURGALIGN HOLDINGS, INC., *et al.*,[1] | ) | 23-90731 (CML) |
| Debtors. | ) | (Jointly Administered) |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Steven Balasiano, the Plan Administrator (the "Plan Administrator") duly appointed under the *Order (I) Approving the Disclosure Statement, (II) Confirming the Joint Chapter 11 Plan of Surgalign Holdings, Inc. and its Affiliated Debtors, and (III) Granting Related Relief* entered on September 27, 2023 [Docket No. 485] (the "Confirmation Order"),[2] in the above-captioned Chapter 11 cases hereby moves (this "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), further extending the deadline to object to Claims by one

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Confirmation Order.

hundred eighty-one (182) days to March 22, 2027. In support of this Motion, the Plan Administrator respectfully states as follows:

## RELIEF REQUESTED

1. The Plan Administrator seeks entry of an order, substantially in the form of the Proposed Order attached hereto, extending the current deadline to object to Claims, which is currently September 21, 2026 (the "Claims Objection Deadline"),[3] by one hundred eighty-one (182) days, through and including March 22, 2027, without prejudice to the Plan Administrator's right to seek additional extensions thereof. The Plan Administrator has previously sought extensions of the Claims Objection Deadline.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The bases for the relief requested herein are section 105 of title 11 of the United States Code ("Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On June 19, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (collectively, the "Chapter 11 Cases"), 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

---

[3] The current Claims Objection Deadline is automatically extended until the Court rules on this Motion by virtue of the automatic bridge order contained in paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas*, effective September 18, 2024.

4. On September 27, 2023 (the "Confirmation Date"), the Court entered the Confirmation Order. The Confirmation Order confirmed the *Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 485] (as modified, amended, or supplemented from time to time, the "Plan").

5. On October 2, 2023 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of an Order Approving the Disclosure Statement and Confirming the Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 492] (the "Notice of Effective Date"), setting forth that, *inter alia*, the Effective Date of the Plan occurred on October 2, 2023. On the Effective Date, the Plan Administrator was vested with the power to, among other things, implement the Plan and administer claims filed in the cases.

6. Article XI of the Plan vests in the Plan Administrator the sole authority to:

> (a) file, withdraw or litigate to judgment, objections to Claims; (b) settle or compromise any Disputed Claim without any further notice to or action, order or approval by the Bankruptcy Court (other than a Professional Fee Claim); and (c) direct the Claims and Noticing Agent to adjust the claims register to reflect any such resolutions without any further notice to or action, order, or approval by the Bankruptcy Court.

Plan at XI.A.

7. Art. I.A.20 of the Plan defines the Claims Objection Deadline as "the date that is 180 days after the Effective Date or such later date as may be approved by the Bankruptcy Court." The initial Claims Objection Deadline was therefore March 30, 2024.

8. On March 28, 2024, the Court entered an Order [Docket No. 584] (the "First Extension Order") extending the Claims Objection Deadline to September 26, 2024.

9. On September 26, 2024, the Court entered an Order [Docket No. 598] (the "Second Extension Order") extending the Claims Objection Deadline to March 25, 2025.

10. On March 25, 2025, the court entered an Order [Docket No. 603] (the "Third Extension Order") extending the Claims Objection Deadline to September 22, 2025.

11. On September 22, 2025, the court entered an Order [Docket No. 615] (the "Fourth Extension Order") extending the Claims Objection Deadline to March 22, 2026.

12. On March 24, 2026, the court entered an Order [Docket No. 615] (the "Fifth Extension Order") extending the Claims Objection Deadline to September 21, 2026.

**CLAIMS PROGRESS AND BASIS FOR REQUESTING ADDITIONAL TIME**

13. The deadline for claimants to file proofs of claim in these cases was August 16, 2023 for non-governmental creditors, and December 19, 2023 for governmental units. *See* Docket No. 130. Approximately 462 claims were scheduled by or filed against the Debtors.

14. Since the Effective Date, the Plan Administrator and his professionals have resolved a number of claims by stipulation, and continue to review, analyze and reconcile claims filed against the Debtors. Additionally, post-confirmation, the Plan Administrator has focused on monetizing the estate's assets including accounts receivable and a potential significant tax refund to determine if sufficient funds will be available for distribution to holders of allowed, general unsecured claims. The Plan Administrator has held off on claims reconciliation pending the Internal Revenue Service's approval of a tax refund, as there would likely be no recovery to general unsecured creditors if the refund is not received. The Plan Administrator was informed that the tax refund was approved and thereafter received a refund check on September 11, 2026 (the "Tax Refund"). The Plan Administrator intends to resume the claims reconciliation process now that the Tax Refund has been received and seeks additional time to finalize the claim review process.

**BASIS FOR RELIEF**

15. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

16. Bankruptcy Rule 9006(b) allows a court in its discretion to lengthen the time within which "an act is required or allowed to be done." Fed. R. Bankr. 9006(b)(1). Rule 9005(b) provides, in relevant part, that:

> when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .

Fed. R. Bankr. P. 9006(b)(1). As Collier notes, the Court should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. 10 Collier on Bankruptcy, ¶ 9006.06[3], at 9006-14 (15th rev. ed. 2001). Here, the Plan expressly provides that the Claims Objection Deadline may be extended by order of this Court. *See* Plan, at Art. XI.B ("Objections to Claims and Interests must be filed and served by no later than the Claims Objection Deadline (subject to such being extended by an order of the Bankruptcy Court). For the avoidance of doubt, the Claims Objection Deadline may be extended on multiple occasions.").

17. Here, extension of the Claim Objection Deadline is appropriate and reasonable under the circumstances. As discussed above, the Plan Administrator's focus has been on monetization of estate assets that are necessary to generate a possible recovery for holders of allowed, general unsecured claims. The Plan Administrator believes it is in the interests of the estate's creditors to extend the Claims Objection Deadline to provide the Plan Administrator with sufficient time to review and reconcile claims.

18. Additionally, extending the Claims Objection Deadline as set forth herein is not sought for purposes of delay and will not significantly prejudice any claimant, as each claimant will retain any substantive defenses it may have to any claim objections that are filed in the extended period. Indeed, as set forth above, the Plan Administrator has been working to collect the Debtors' remaining accounts receivables and recover a tax refund from the Internal Revenue Service that will inure to the benefit of the estate. Now with the receipt of the Tax Refund, the Plan Administrator believes it appropriate to further pursue the claims reconciliation process, and anticipates advancing this process during the requested extension period.

**NOTICE**

19. Notice of this Objection has been given to all parties on the Master Service List. The Plan Administrator respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Plan Administrator respectfully request that the Court enter the Order granting the relief requested herein, and such other relief as the Court deems appropriate under the circumstances.

Dated: September 14, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
bwallen@pszjlaw.com

-and-

Bradford J. Sandler (admitted *pro hac vice*)
Robert J. Feinstein (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the Plan Administrator*

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of September 2026, a true and correct copy of the foregoing pleading was caused to be served on all parties that have registered to receive electronic notices through this Court's CM/ECF noticing system in the above cases.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen